254 So.2d 125 (1971)
Julian T. SPILLERS, Plaintiff and Appellant,
v.
NORTHERN ASSURANCE COMPANY OF AMERICA et al., Defendants and Appellees.
No. 3622.
Court of Appeal of Louisiana, Third Circuit.
October 22, 1971.
Rehearing Denied November 23, 1971.
Writ Refused January 6, 1972.
*126 John Rixie Mouton and J. Minos Simon, Lafayette, for plaintiff-appellant.
Davidson, Meaux, Onebane & Donohoe by Timothy J. McNamara, Domengeaux & Wright by Bob F. Wright, Lafayette, Lewis & Lewis by Seth Lewis, Jr., Opelousas, for defendants-appellees.
Voorhies, Labbé, Fontenot, Leonard & McGlasson by W. Gerald Gaudet, Lafayette, for intervenor-appellee.
Before SAVOY, CULPEPPER and MILLER, JJ.
CULPEPPER, Judge.
Plaintiff seeks damages for personal injuries. While working as a pipefitter, he fell from the fourth floor of a building which was under construction. Although plaintiff named several other parties as defendants, the ones with whom we are concerned on this appeal are: (1) Weill Construction Company, Inc., the general contractor, which is sued for breach of an alleged obligation pour autrui in its construction contract with the owner, by which it agreed to carry insurance protecting the owner and the architect from public liability; (2) Leopold Weill, Jr., president, general manager and principal stockholder of Weill Construction Company, Inc., on the theory that he breached a duty to obtain the liability insurance mentioned and also failed to provide safe working conditions; (3) Northern Assurance Company of America, the liability insurer of Weill Construction Company, Inc. and its executive officers, directors and stockholders. These three defendants filed motions for summary judgment and, alternatively, exceptions of no cause of action. The district judge sustained the motion for summary judgment as to Weill Construction Company, Inc., but sustained only the exception of no cause of action as to Leopold Weill, Jr. and Northern Assurance Company of America. Plaintiff appealed from this judgment.
At the outset, we will state that we prefer to rule on the motions for summary judgment as to Leopold Weill, Jr. and Northern Assurance Company of America, rather than consider these claims on the exceptions of no cause of action. The allegations of plaintiff's petition are quite lengthy, and it would be difficult to say that he has not stated a cause of action. However, under the affidavits filed in support of the motions for summary judgment, it is clear that plaintiff has no claim against these defendants. Plaintiff has filed no affidavits in opposition. Under LSA-C.C.P. Article 967, plaintiff cannot rest on the mere allegations or denials of his pleading to show an issue of fact. Hence, summary judgment is appropriate.
LSA-C.C.P. Article 2164 provides in part: "The appellate court shall render any judgment which is just, legal, and proper upon the record on appeal." Even though the district judge did not rule on the motions for summary judgment, it is appropriate for us to do so under this article. See Roloff v. Liberty Mutual Insurance Company, 191 So.2d 901 (La.App. 4th Cir. 1966) for a similar ruling.
The general facts are that Weill Construction Company, Inc. entered into a contract with the Louisiana State Board of Education to build a men's residence hall at the University of Southwestern Louisiana, in Lafayette. This is a four story building and the contract price is $1,417,680.
The plaintiff was working as a pipefitter for the plumbing subcontractor, Berg Mechanical Contractors, Inc. Berg's foreman was on the ground, and he was calling instructions to plaintiff, who was on the fourth floor. In order to hear these instructions better, plaintiff went to the edge of the balcony, outside the rooms, and kneeled down and placed his hands on a 2" × 6" board, which was laying on the floor along the outer edge of the balcony.
*127 Plaintiff alleges he thought the board was "a permanent component" of the structure, but it was not. When he placed his hands on the board, it fell over the side and plaintiff also fell to the ground.

THE CLAIM AGAINST WEILL CONSTRUCTION COMPANY, INC.
We will first discuss plaintiff's claim against Weill Construction Company, Inc., the general contractor. Plaintiff concedes that since he has a workmen's compensation claim against this defendant, he cannot proceed against it in tort. He contends he has a claim against Weill Construction Company, Inc. for breach of a stipulation pour autrui in its contract with the Louisiana State Board of Education. The contract states that "The contractor shall provide and pay for owner's protective liability insurance in the joint name of the owner and the architect" with limits of $100,000 for each person and $300,000 aggregate. Plaintiff alleges that no such insurance was obtained. He contends he is the beneficiary of this stipulation pour autrui and has a right to sue for its breach.
This argument has no merit. The beneficiaries of the stipulation pour autrui are the owner and the architect. The contract is for their protection and not the general public. See LSA-C.C. Article 1890 and Gateway Barge Line, Inc. v. R. B. Tyler Company, 175 So.2d 867 (La. App. 1st Cir. 1965).
Plaintiff cites several cases in which the courts held that a liability policy is issued for the protection of not only the insured, but the public at large, and therefore contains an obligation pour autrui, Musmeci v. American Automobile Insurance Company et al., 146 So.2d 496 (La.App. 4th Cir. 1962); Churchman et al. v. Ingram, 56 So.2d 297 (La.App. 2d Cir. 1951); and Cummings v. Albert, 86 So.2d 727 (La. App. 1st Cir. 1956). These cases are distinguished. In the present matter we are not concerned with an insurance contract. This is a construction contract in which the contractor agreed to carry liability insurance for the owner and the architect, for the obvious purpose of protecting them against liability.
It is our conclusion that the district judge correctly sustained the motion for summary judgment filed by Weill Construction Company, Inc.

THE CLAIM AGAINST LEOPOLD WEILL, JR.
In his brief filed in this court, plaintiff states that his claims against Leopold Weill, Jr. are threefold, (1) the failure to procure the insurance in question, (2) the failure to properly supervise the work, and (3) the failure to hire competent personnel for the construction project.
Succinctly stated, plaintiff contends that Mr. Weill is the president, general manager and principal stockholder of Weill Construction Company, Inc., and that in these capacities he is responsible for the execution of all contracts and the direction and supervision of all corporate business. In particular, plaintiff alleges Mr. Weill was responsible for obtaining all personnel, materials and supplies required to perform the contract, that he had the duty to supervise all construction and to provide safe working conditions. Plaintiff alleges that due to the failure of Mr. Weill to carry out these responsibilities, the accident occurred.
We will consider the three claims against Mr. Weill in the order listed above by plaintiff. The first contention is that Mr. Weill signed the construction contract on behalf of the corporation and was responsible for its execution, including the duty to provide the liability insurance for the owner and the architect. For the reasons stated above, we conclude the contractual obligation in question was not a stipulation pour autrui for plaintiff's benefit. Hence, he cannot sue for its breach.
We will discuss the second and third claims together, since the applicable law is *128 the same. In the recent case of Mertice Maxey v. Aetna Casualty & Surety Company et al., 255 So.2d 120 (La.App. 3rd Cir. 1971) a different panel of this court (Judges Savoy, Hood and Culpepper) considered a similar action by an employee against the executive officers of the corporate employer. The majority decision in that case can be summarized as follows: (1) The holding in certain early cases that a corporate officer is liable in tort to third parties only for acts of malfeasance and misfeasance, and not acts of nonfeasance, was rejected. (2) Where a corporate officer owes a duty exclusively to the corporation, the breach of such a duty cannot give rise to a cause of action in tort by a third party. (3) The duty which a corporate officer owes to a third person is the same as that owed by any person not to injure another, and it is immaterial whether the breach of such a duty to a third person also constitutes a breach of duty to the corporation.
The writer of the present opinion concurred with the majority decision in the Maxey case, but differed from the statement of law in certain respects. The writer agreed with the first and second holdings listed above, but could not agree that in every situation it is immaterial whether the agent has breached a duty to his principal. A simple illustration of this is the situation where an agent is in charge of property, with the duty to cause all necessary repairs to be made. In order to find the agent liable for an injury sustained by a third person, due to the agent's neglect to keep the premises in repair, the agent's obligation under the agency contract must be proved. Otherwise, the agent would have no duty to the third person. In this situation, the duty of the agent to his principal is relevant to the claim of a third party.
In the concurring opinion in the Maxey case, the law is correctly stated as follows:
"Generally, I agree with the law stated in Adams v. Fidelity & Casualty Company of N. Y., 107 So.2d 496 (La.App. 1st Cir. 1958) as commented upon in Malone & Guerry, Studies in Louisiana Torts Law, 523-525. In the Adams case the widow of an employee sued certain co-employees and officers of the corporate employer, seeking damages for the wrongful death of her husband. He was killed when struck by an iron reel, which fell from a stack of steel in the employer's yard. The court held a cause of action was alleged only as to those corporate officers or employees who had knowledge of the hazard and, by virtue of their positions, had the duty and the authority to remove the hazard. Under this rationale, the court found the president of the corporation, who had no knowledge of the hazard, was not liable simply because of his position. It also held that the driver of the truck which hauled the iron reel in question was not liable, since, even though he had knowledge of the hazard, he had no duty or authority to correct the dangerous condition. However, the court found a cause of action was stated against the safety director, the warehouse superintendent and the vice-president in charge of these particular operations, since they knew about this dangerous condition, had the duty and authority to correct it and failed to do so.
"Malone & Guerry, Studies in Louisiana Torts Law, at page 524, comments on the Adams case as follows:
"`In considering the Adams decision it should be borne in mind that the agent should not be held responsible to a third person for his mere failure to perform an affirmative duty toward his principal unless (a) the principal owed a duty of care toward the third person, and (b) this same duty was delegated to the agent, who undertook its performance. When both these conditions have been met it will be found that the agent, by failing to perform his duty, has deprived the third person of the protection to which the latter was entitled and which, presumably, he would have received from the principal if the agent had not undertaken its performance. Under *129 these circumstances the failure of the agent serves as a positive interference with the third person's right to reasonable protection by the principal, and his negligence becomes something more than nonfeasance.
"`But the converse is also true. When the principal is not encumbered with any duty toward the third person or, even if he is so encumbered, he has not delegated its performance to the agent, there is no reason why mere nonfeasance by the agent should result in his liability.'
"Malone points out that the Restatement, Agency, § 354 (2d Ed. 1958) has adopted a similar rule imposing `on the agent a duty of care toward third persons whenever his failure to act without negligence would serve to deprive the third person of some protection owed the latter by the principal.'"
Applying these rules to the present matter, it is clear that under the affidavits filed in support of the motions for summary judgment, plaintiff has no claim against Mr. Weill for failure to supervise the work or to hire competent personnel. Mr. Weill was not delegated the duty to supervise the construction. This was done by the construction superintendent and his immediate superior, the estimator. Furthermore, Weill did not undertake to supervise construction. He visited the job about once a week and had no knowledge whatever of the loose board which caused the accident.
As to hiring competent personnel, Mr. Weill hired only the construction superintendent and the estimator, and both of these men were shown to be highly experienced and qualified. The rest of the men on the job were hired and fired by the superintendent, subject to a labor union contract.
In essence, plaintiff contends that Mr. Weill, simply because of his position as president and general manager of the corporation, is liable to third persons for any failure in the corporate operations. The Adams case correctly rejected such a contention.

THE CLAIM AGAINST NORTHERN ASSURANCE COMPANY OF AMERICA
Northern Assurance Company of America is the public liability insurer of Weill Construction Company, Inc. and its executive officers, directors and stockholders. Plaintiff's first claim against Northern is based on the contention that Leopold Weill, Jr., an executive officer, is covered by the policy and is liable to plaintiff. Having concluded above that plaintiff has no claim against Mr. Weill, it follows that there is no claim against Northern because of its coverage of Mr. Weill.
Plaintiff also named as defendants four other persons, allegedly covered by Northern's policy. The first is Robert Stephan, the architect. The affidavits show he was appointed by the owner and is not an officer, director or stockholder of Weill Construction Company.
The next is Vincent Reihl, Sr. The affidavits show he was employed by the owner as a project clerk, and was not in any way associated with Weill Construction Company nor covered by Northern's policy.
Stephan Guidry was a carpenter, employed by Weill Construction Company. He had no managerial or policy-making duties whatever and was not covered by the policy. See Employers' Liability Assurance Corporation v. Uphan, 150 So.2d 595 (La.App. 4th Cir. 1963) and the authorities cited.
The last is Travis Guilbeau. The affidavits show he was the superintendent in charge of construction for Weill Construction Company, Inc. He was employed at a salary of $190 a month, plus a bonus if a profit was made on the job. He could hire and fire employees, subject to the provisions of the union contract, and he normally had about five carpenters under his supervision. Guilbeau had no managerial *130 responsibility for the affairs of the corporation generally and was not an executive officer, director or stockholder. See Thibodeaux v. Parks Equipment Company, 185 So.2d 232 (La.App. 1st Cir. 1965), writ of certiorari denied, which involved a very similar factual situation.
For the reasons assigned, the judgment appealed is amended, in that the motions for summary judgment, rather than the exceptions of no cause of action, are sustained as to the defendants, Leopold Weill, Jr. and Northern Assurance Company of America. Otherwise, the judgment is affirmed. All costs of this appeal are assessed against the plaintiff appellant.
Affirmed.
MILLER, J., concurs in the decree.