CRAIN, Judge.
The matter before us involves another suit by an employee for damages for personal injuries against the employer and supervisory coemployees. Edward J. Trahan filed suit against Swiftships, Inc., his employer, and three of its executive or supervisory employees, namely, Archie Johnson, (plant superintendent), Gus Ackman, (plant supervisor), and James J. Owens, (supervisor and foreman), and their insurer, Travelers Insurance Company, for damages for personal injuries suffered because of the defendants’ negligence. He sued alternatively for workmen’s compensation benefits.
The defendants all filed exceptions of no cause or right of action. The corporate employer defendant urged that the accident resulting in the injury to the appellant occurred while he was acting in the course and scope of his employment and in furtherance of the employer’s business and therefore, the appellant’s sole remedy is in workmen’s compensation. Additionally, Swiftships, Inc. and its insurer filed an exception of prematurity to the appellant’s alternative demand for workmen’s compensation benefits. The executive co-employee defendants filed an exception of no cause of action contending that the appellant’s petition fails to allege the breach of any duty owed to the exceptors and simply alleged a breach of duty to the employer itself.
After hearing the argument on the exceptions of no cause of action, the trial court sustained the exceptions apd dismissed the appellant’s cause of action based upon negligence as against all the co-defendants. Additionally, the trial court did not allow additional time in which the appellant could amend his petition to state a cause of action. From these rulings the appeal is taken.
In his petition, the appellant alleges that he was injured on June 12, 1970 while working in the scope and course of his employment. He was operating a large electric skill saw when the blade flew off striking his shoulder and cutting it rather severely. The appellant further alleges that the employer customarily required that an employee, when faced with the task of cutting objects of a large diameter, remove the table from the skill saw in order for the saw to cut completely through the object. The appellant followed these procedures and was cutting through the clips of a tonnage door of an aluminum hull when the accident occurred. The appellant contends that the techniques and methods required in using the skill saw were not safe. Additionally, appellant contends that a lubricant called “Do All” was required to be used on the saw blades and that the use of this lubricant caused the accident to occur. He further alleges that the defendant-ap-pellees required the use of the lubricant without proper testing in order to ascertain whether or not it was suitable as a lubricant. The specific allegations of negligence contained in the original and supplemental petition of the appellant are as follows :
“The accident which occurred was due solely to the gross and wanton negligence of the defendants named herein, which negligence was the proximate cause of the accident and which consisted of but not exclusively, the following particulars, to-wit:
1. In failing to provide plaintiff with adequate and safe surroundings within which to work;
*888 2. In failing to provide plaintiff adequate and safe equipment with which to work;
3. In requiring plaintiff to perform an inherently dangerous task with inadequate and unsafe equipment and under dangerous circumstances;
4. In requiring plaintiff to use an inadequate and unsafe lubricant which it knew to be defective and inherently dangerous;
5. In failing to ascertain the true capabilities of the lubricant “Do All” before requiring the use thereof by the plaintiff;
6. In requiring your plaintiff to use a large, electric skill saw in an inherently dangerous undertaking without warning your plaintiff;
7. In requiring your plaintiff to remove the “table” from the large, electric skill saw which he was required to use, thereby causing the same to be more dangerous, without warning your plaintiff thereof;
8. In requiring your plaintiff to use a large, electric skill saw with an improper, inadequate, unsafe and defective blade guard;
9. Failing to provide immediate, adequate and competent first aid care and attention after the accident;
10. Failing to properly supervise and/or oversee the operation then being undertaken;
11. In failing to discover or, in discovering, failing to warn your plaintiff of the unsafe conditions of the large, electric skill saw and lubricant being used by your plaintiff;
12. In failing to inspect, maintain, repair and/or adjust the large, electric skill saw which your plaintiff was required to operate and/or in so inspecting, maintaining, repairing and/or adjusting said large, electric skill saw, doing such in an improper, inadequate and defective manner;
13. In failing to do what they should have done under the circumstances or, in so doing, doing such in an improper, inadequate and defective manner.
14. In instructing your plaintiff and other co-employees to remove the tables from the large, electric skill saws whenever required to make a deeper cut than could be made with the tables on, when they knew the same to be more dangerous and hazardous.
15. In instructing your plaintiff and other co-employees to use the inadequate and unsafe lubricant “Do All” when they knew the same to be more dangerous or hazardous.
16. In disseminating false and misleading information to plaintiff and other co-employees in connection with the use of the large electric skill saws.
11
Plaintiff further shows that the co-defendant, ARCHIE JOHNSON was the plant superintendent, GUS ACKMAN was the plant supervisor and JAMES J. OWENS was one of the supervisors and foremen for the “Employer” at the time of the accident in question herein and had under their direct supervision and control the operation and equipment involved herein, as well as all other activities and equipment of the “Employer” in their plant.
11A
Plaintiff further shows that the co-defendants, ARCHIE JOHNSON, GUS ACKMAN and JAMES J. OWENS, each owned unto plaintiff a duty to exercise due care not to injure him and said co-defendants breached this duty as outlined in Paragraph 10 of plaintiff’s original petition and amending petition and said breach was a proximate cause of plaintiff’s injuries and losses.
*889 11B
Plaintiff further shows that the co-defendants, ARCHIE JOHNSON, GUS ACKMAN, and JAMES J. OWENS, had knowledge of the hazards outlined in Paragraph 10 of Plaintiff’s original petition and amending petition by virtue of their positions and had authority to remove or prevent said hazards but failed to do so, all as outlined in Paragraph 10 of plaintiff’s original petition and amending petition.”
First, it is clear that the trial court was correct in sustaining the exception of no cause of action as against the employer-defendant. The petition states that the appellant was engaged in the course and scope of his employment in a hazardous occupation when the accident occurred, thus leaving appellant with an exclusive remedy against the employer in workmen’s compensation. The trial court refused to allow time for amendment and we feel that he was correct in doing so as the defect in the petition is not amendable. Code of Civil Procedure, Article 934.
Next, we approach the trial court’s ruling regarding the exception of no cause of action as against the claim of the appellant against the supervisory or executive co-employees named defendants. We are cognizant of the fact that the Louisiana Supreme Court has granted writs of certiora-ri in two recent cases posing similar questions, Canter v. Koehring Company, 267 So.2d 270, (La.App. 3rd Cir., 1972) and Fontenot v. Insurance Co. of North America, 271 So.2d 323 (La.App. 3rd Cir., 1972). However, until the Supreme Court rules on the matter before us, this court’s decisions will control the law to be applied in this circuit with reference to claims such as those made in the case at bar.
The principles to be applied in finding liability on the part of co-employers have been stated most recently in Mack Arthur Sanders v. Nugent Steel and Supply Co., Inc. et al, 273 So.2d 889 (La.App. 1 Cir. 1973) The primary issue in the instant case is whether or not the facts pled by the appellant in his petition if taken to be true are sufficient to establish a cause of action as against these supervisory co-employee defendants under the rules announced in the Sanders case and preceding opinions. In that case it was held that:
“If the injured employee can establish that the co-employee owed him a duty independent of the duty owed by the co-employee to his employer for the benefit of all employees as a whole, then upon establishing the breach of the duty and the requisite causation, recovery will be allowed.”
Although the employer may owe the employees as a class certain duties to provide a reasonably safe place to work, to provide reasonably safe procedures and methods to be used in their employment, provide adequate maintenance of equipment, etc., no duty devolves upon a supervisory or executive co-employee unless he is aware of special circumstances which reveal that the employer’s duty to its employees as a whole is not being performed. With this awareness or knowledge of the hazard, the co-employee is obligated to take reasonable care to see that the duty of the employer to the employee is carried out provided the co-employee has been delegated the authority to do so. As we stated in Sanders, supra, there must be a personal tort by the officer against the employee to support a damage suit, and such can occur only when the executive officer is aware of special circumstances rendering conditions unsafe.
The trial court held that the appellant’s petition did not set forth a cause of action as against the defendant co-employees. We disagree in this respect with the trial court’s decision. We are unable to say that the appellant’s petition taken as *890 a whole does not establish a cause of action as against the co-defendant employees. Articles 10, 11a and lib of appellant’s original and amending petition contain sufficient allegations regarding the employee-defendants’ awareness of special circumstances so that if the fact of the awareness pled were true, a duty would devolve upon these co-defendants to take reasonable care to eliminate the hazard present. In Article lib, appellant also pled the fact that the co-employee defendants had the authority to remove or prevent the hazard enumerated in paragraph 10 of the original and amending petition. Article 14 and 15 of the appellant’s petition in particular contain allegations that the defendant had actual knowledge of the dangerous and hazardous conditions which existed and techniques the plaintiff-appellant was instructed to use in operating the skill saw.
The Sanders case, supra, is more restrictive in allowing a cause of action in this type case than cases decided in the third circuit in that Sanders requires special knowledge on part of the officer in order for a duty to arise, as well as the authority to take action, c. f. Spillers v. Northern Assurance Co. of America, 254 So.2d 125, (La.App. 3rd Cir. 1972). It is obvious that plaintiff drafted his petition herein in such manner as to meet the requirements of cases taking the Sanders case approach and cases taking the Spillers case approach. Consequently, we find that the petition states a cause of action.
In view of the foregoing, it is unnecessary for us to consider the appellant’s alternative argument that he was not given additional time within which to amend his petition to cure the defects. We remand this matter to the trial court with instructions to proceed in accordance with this opinion.
Affirmed in part, reversed in part and remanded.