SWIFT, Judge.
This possessory action is on appeal from judgments which sustained exceptions of no cause and no right of action, and dismissed the suit at plaintiff’s costs. We reverse the judgments of the district court and remand the case for a trial on the merits.
On November 6, 1969, defendant, Pioneer Natural Gas Company, the owner of the minerals in certain lands in Section 19, Township 11 North, Range 3 East, granted a mineral lease to Nelson Oil Corporation for a primary term of two years. The lessee’s working interest was subsequently acquired by the plaintiff, Trinidad Petroleum Corporation.[1]
Trinidad drilled five wells on the land in Section 19, some or all of which produced gas. However, the last production was from Trinidad No. Three, which ceased producing on November 17, 1974, and was plugged and abandoned. Shortly prior thereto, Trinidad Ño. Two “blew out” and became uncontrollable. It appears that the only activities by the lessee on the premises after November 17,1974, were unsuccessful attempts to control the “blow out” of Trinidad No. Two and to plug and abandon the *836 well. However, Trinidad’s equipment remained on the premises and its president, Charles D. Beard, Jr., testified he intended to drill another well as soon as this was accomplished. He also said his company was relieved of further drilling or reworking operations under the “force majeure” clause in the lease and an oral agreement with the lessor. However, the latter was not confirmed by other evidence.
On February 16, 1976, Pioneer Natural Gas Company executed a mineral lease in favor of Royal Mineral Corporation covering most of the land described in Trinidad’s prior[1]''leases. It was recorded on April 20, 1976. Alleging that its possession had been disturbed thereby, Trinidad instituted this possessory action against Pioneer and Royal on June 29, 1976.
In October of 1976 Royal subleased its rights under the February 16, 1976, mineral lease to MBM partnership. Both parties have drilled producing wells on the leased premises. On March 28, 1977, Trinidad filed a supplemental and amending petition joining MBM Partnership as an additional defendant and alleging that its possession had been disturbed further by recordation on October 29, 1976, of MBM’s acquisition of Royal’s 1976 lease and also by subsequent recordation of another mineral lease from Pioneer to MBM. Attached to this petition was an order sequestering all minerals produced from the premises covered by Trinidad’s lease and the revenues derived from the sale thereof. Bond was posted and the writ was issued on March 28, 1977.
All defendants filed peremptory exceptions of no cause and no right of action, motions for summary judgment and motions to dissolve the writ of sequestration.
After a hearing on the exceptions and motions the district court ruled orally, sustaining the exceptions of no cause and no right of action of Royal and MBM and also their contradictory motions to dissolve the writ of sequestration. The judge later rendered written reasons for judgment sustaining only the exception of no right of action filed by Pioneer and dissolving the writ of sequestration that was issued at its instance on March 28, 1977. Thereafter, two formal judgments were read and signed by the judge, one sustaining the peremptory exceptions of no cause and no right of action filed by Royal and MBM and their motions for dissolution of the writ of sequestration and also dismissing the suit as to these two defendants with prejudice. The other judgment sustained Pioneer’s peremptory exception of no right of action,[2] dissolved Trinidad’s writ of sequestration and dismissed the plaintiff’s suit.
This devolutive appeal was taken by Trinidad following the denial of its motion for a new trial.
Trinidad first contends that the judgment sustaining the exception of no cause of action is in error and we agree.
The petition sets forth all of the elements of a possessory action required by Article 3658 of the Louisiana Code of Civil Procedure. Trinidad alleged that at the time of the disturbances it was in possession of a real right as a mineral lessee continuously producing or conducting operations on the premises; that such possession had continued without interruption for more than a year before the disturbances; that the disturbances were both in fact (the removal of some of its equipment from the premises) and in law (the recordation of the subsequent leases); and that the suit was filed within a year of the disturbances. This is all that is required to assert a possessory action. The exception, of course, is triable only on the face of the petition. Since no contrary facts were alleged therein, it clearly states a cause of action.
*837 Secondly, the appellant contends that the judgments sustaining the peremptory exceptions of no right of action were in error, because the issue of title to Trinidad’s mineral lease or real right was tried therein contrary to the provisions of LSA-C.C.P. Article 3661. With this, we also agree.
It is apparent from the pleadings, the evidence admitted and the trial judge’s ruling on this exception, that he concluded Trinidad’s lease had expired and as a consequence the plaintiff had no interest in any such real right affecting the subject property at the time of the disturbances. Thus, the title of the mineral lessee was determined on the trial of the exceptions of no right of action contrary to Article 3661.
In our-opinion the viability of Trinidad’s mineral lease involves the issue of the plaintiff’s ownership or title which cannot be raised in a possessory action either in limine or on the merits. Under Article 3661 evidence of ownership or title is admissible in this case only to prove that the plaintiff was in possession of the property as a mineral lessee, the extent or area of its possession and the duration of the possession of the plaintiff and its ancestors in title. Consequently the trial judge erred in admitting and considering on exceptions of no right of action evidence concerning the plaintiff’s mineral operations on the property for the purpose of determining whether or not its lease was in effect.
We do not mean by this decision, however, that the defendants herein will not be able to introduce any evidence at the trial of the merits of this possessory action relating to the plaintiff’s production, reworking or drilling operations on the leased premises simply because it may tend to show that Trinidad’s lease expired. Such evidence is admissible on the issue of whether or not the plaintiff was in possession of the mineral right which it claims at the time of the alleged disturbances.
According to LSA-R.S. 31:153:
“Mineral rights are possessed by their use or exercise according to their nature.”
The comment thereunder states in part:
“. ... A mineral servitude or mineral lease is possessed by conducting drilling or mining operations or producing according to the character of the rights grant-ed."
In order to prevail in this possessory action Trinidad must establish that when disturbed it was using or exercising the real right or mineral lease which it claims to own. Otherwise, it lacked the requisite possession for such a suit. The mere fact that evidence offered to establish lack of possession may also tend to show the plaintiff has no lease because it has expired will not prevent its admission on the issue of possession when it is properly before the court.
In regard to the defendants’ contention that the trial court’s judgment should be affirmed because the evidence taken on the trial of the exception of no right of action established that the plaintiff did not have sufficient possession to maintain the suit, it is our opinion that the lack or want of possession of plaintiff in a pos-sessory action cannot be attacked through the peremptory exception of no right of action. Evidence, of course, is admissible on the trial of such an exception on an issue properly raised thereby. However, it is not available to urge that the plaintiff is without interest simply because the defendant has a defense to the action. Guillory v. Nicklos Oil and Gas Company, 315 So.2d 878 (La.App. 3 Cir. 1975).
Furthermore, Act 241 of 1946, which required a defendant in possessory action to raise and plead the defense of plaintiff’s lack of sufficient possession by means of an exception filed in limine litis or waive it, was repealed by Act No. 32 of 1960 and replaced by Articles 3651-3664 of LSA— Code of Civil Procedure. Since no similar or alternative procedure to challenge the sufficiency of the plaintiff’s possession in limine litis was provided in these articles of the Code of Civil Procedure, we do not think that such defense can be raised in limine litis by way of an exception even in a simple possessory action where the actual possession of an owner of land has been disturbed. Instead, this issue must be *838 raised by answer and tried and resolved on the trial of the merits.
We therefore, will remand this case for further proceedings.
It may very well be that all of the evidence available to either side on the issue of possession has already been presented and is in the record of this case. If so, of course, upon remand the parties may resubmit this case on such evidence at the trial of the merits for a decision by the trial judge as to the sufficiency of the plaintiff’s possession (without regard to the validity of its mineral lease) and whether such possession was disturbed. On the other hand, upon the remand all parties will have an opportunity to offer such additional evidence as is properly admissible on these two issues.
We further conclude that the writ of sequestration should not have been dissolved. As pointed out hereinabove, the question of the defendant’s title to the mineral lease cannot be determined in this pos-sessory action. Consequently,- Trinidad’s right, if any, to the production obtained by MBM under its subsequent lease and the proceeds derived therefrom have not yet been resolved.
LSA-C.C.P. Article 3571 provides that: “When one claims the ownership or right to possession of property, or a mortgage, lien, or privilege thereon, he may have the property seized under a writ of sequestration, if it is within the power of the defendant to conceal, dispose of, or waste the property or the revenues therefrom, or remove the property from the parish, during the pendency of the action.” [Emphasis added]
The comment following LSA-C.C.P. Article 3506 which deals with dissolution of such a writ says the code
“. . . retains the jurisprudential rule that only the grounds for the auxiliary remedy can be inquired into on the motion to dissolve, and not the merits of the ■ main demand.” [Emphasis added]
It is clear that there is a substantial basis for Trinidad’s claim of ownership and right to possession of the gas produced by MBM, although it has not yet been established that it is in fact the owner thereof. There is no dispute as to the existence of the second ground required for issuance of the writ of sequestration. Therefore, the trial court erred in dissolving the writ.
Apparently, there has been no ruling on the defendants’ motions for summary judgment. Since no specification of error has been urged in this respect by any party, such motions appear to have been abandoned.
For the foregoing reasons, the judgments appealed are reversed and set aside. It is now ordered, adjudged and decreed that the exceptions of no right of action and of no cause of action filed by the defendants are overruled, and the motions to dissolve the writ of sequestration are denied. This case is remanded to the district court for further proceedings in accordance with law and the views expressed herein. All costs of this appeal are assessed against the defendants-appellees. Assessment of costs in the trial court must await a final judgment there.
“REVERSED AND REMANDED.”

. Pioneer also executed a similar lease on September 28, 1970, to Jackie D. Nelson, et al. covering lands in Section 30, Township T1 North, Range 3 East, which was assigned to Trinidad. However, in oral argument, Trinidad’s counsel acknowledged this lease had terminated and that his client no longer claimed any real right in the lands formerly covered thereby.

. The words “or cause” following “no right” were stricken by the trial judge from the decree presented for signature by counsel for Pioneer. Apparently, he simply neglected to make such correction in the other, formal judgment, because in his oral reasons for denying the plaintiffs motion for a new trial he said he had not ruled on the exceptions of no cause of action as there was no necessity to do so in view of having sustained the exceptions of no right of action.