525 So.2d 620 (1988)
Hazel LIVINGS, Plaintiff-Appellant,
v.
RELIANCE INSURANCE COMPANY & Oakbourne Country Club Inc. d/b/a Oakbourne Country Club, Defendants-Appellees.
No. 87-287.
Court of Appeal of Louisiana, Third Circuit.
May 11, 1988.
*621 Lawrence N. Curtis, Lafayette, for plaintiff-appellant.
Onebane, Donohoe, etc. (Graham N. Smith), Lafayette, for defendants-appellees.
Before LABORDE, YELVERTON and KNOLL, JJ.
LABORDE, Judge.
Plaintiff, Hazel Livings, filed a petition for damages against defendants Oakbourne Country Club, Inc., d/b/a Oakbourne Country Club and its insurer, Reliance Insurance Company (defendants will hereinafter be referred to as "Oakbourne"). Livings asserted that she should recover damages in tort for injuries she sustained when she slipped and fell on Oakbourne's premises or, alternatively, that she should recover worker's compensation benefits, penalties and attorneys fees. Oakbourne filed a dilatory exception of prematurity and a peremptory exception of no right of action, alleging that Oakbourne did, in fact, offer to pay Livings worker's compensation benefits, but such payments were rejected by her and that Livings had no right of action in tort as her exclusive remedy was under the worker's compensation provisions. The trial court conducted a hearing on these exceptions and granted defendants exceptions of no right of action and prematurity and dismissed her action without prejudice. Plaintiff now appeals the trial court's ruling.[1] This appeal only addresses the issue of no right of action and not the exception of prematurity. Although we find that the trial court's ruling on the exception of no right of action was incorrect, we dismiss plaintiff's tort claim on other grounds.

FACTS
The facts of this case are simple and were stipulated to by the parties. In its ruling on the exceptions, the trial court succinctly summed up these facts:
On the day of the accident, January 27, 1984, Hazel Livings was employed by Oakbourne Country Club, Inc. On the day in question she came to work and was terminated by her employer. She remained on the premises long enough to gather her personal effects while still on the premises and in the process of leaving she slipped and fell. The fall is the *622 subject of the present suit. The defendant offered Ms. Livings worker's compensation, which she refused.

TORT IMMUNITY
LSA-R.S. 23:1032 of the Louisiana Worker's Compensation Act provides that an employee's exclusive remedy against his employer for injuries suffered in the course and scope of his employment is worker's compensation benefits. In order to escape the exclusive remedy in worker's compensation and pursue a claim in tort against the employer, an employee must show:
(1) the injury occurred while he was not engaged in the course and scope of his employment.
(2) the injury resulted from negligence of an employee, executive officer, or co-employee who was not engaged in the course and scope of his employment, or
(3) the injury was the result of an "intentional act" of an employer, executive officer, or co-employee.
Boudreaux v. Verret, 422 So.2d 1167, 1170 (La.App.3d Cir.1982), on rehearing.
In the present matter, Livings alleges that Oakbourne should not benefit from the exclusive remedy provisions because she had been fired from her job and thus was not acting in the course and scope of her employment. We disagree. In Matthews v. Milwhite Mud Sales Co., 225 So. 2d 391 (La.App.3d Cir.), writ denied, 254 La. 772, 226 So.2d 526 (La.1969), writ denied, 255 La. 149, 229 So.2d 732 (La.1970), a similar situation was considered. Matthews involved a plaintiff who was fired, but remained on the job site after being fired and was injured when four sacks of salt allegedly fell on him. The court found that the plaintiff was still in the course and scope of his employment when the injury occurred. In making this determination, the court quoted language from Malone, Worker'8 Compensation Law and Practice, Section 169:
"The observation has been made in previous sections that an employee is acting in the course of his employment while he is actually engaged in his employer's work even before or after working hours. Furthermore, even if he has finished the day's work and is preparing to leave, or is in the act of leaving, he is entitled to a reasonable period while still on the premises which is regarded as within the course of the employment. The working day embraces these intervals just as it includes reasonable periods for rest, relaxation or the attendance of personal needs. This applies also to periods prior to the actual beginning of work under similar circumstances."
Id. at 395. The court also quoted from Larson's Workmen's Compensation Law, Section 26.10:
"Compensation coverage is not automatically and instantaneously terminated by the firing or quitting of the employee. He is deemed to be within the course of employment for a reasonable period while he winds up his affairs and leaves the premises. The only difficult question is: what is a reasonable period?
Id. at 395. In Carter v. Lanzetta, 249 La. 1098,193 So.2d 259 (1966), the plaintiff was hired to work for one day at the defendant's grocery store. At the end of the day she was paid and then remained at the store for 20-30 minutes, talked to the store owner, and ate a piece of pie. When she left, she slipped and fell outside of the store. The Louisiana Supreme Court held that she was acting in the course of employment when injured and thus found her to be in the ambit of the worker's compensation provisions. The court quoted the same language from the Malone treatise that was quoted in Matthews. Carter, 193 So.2d at 261.
It is clear from the stipulated facts of this case that Livings was injured in the course and scope of her employment with Oakbourne. She was fired, gathered her belongings, and, in the process of leaving, was injured. Certainly this period would be considered as being within a reasonable time period from her firing as she was winding up her affairs. We thus hold that the trial court was not in error when it found Livings to have been injured during *623 the course of her employment with Oakbourne.

NO RIGHT OF ACTION/NO CAUSE OF ACTION
Livings contends that the peremptory exception of no right of action should not have been sustained by the trial court. She claims that she does have a legal interest in filing this suit based upon her own personal injuries.
In support of this contention, she relies on Guillory v. Nicklos Oil & Gas Co., 315 So.2d 878 (La.App.3d Cir.1975). In Guillory an employee of a construction company was injured when a bulldozer he was operating hit a gas pipeline causing an explosion. At the time of the accident, the construction company that employed plaintiff was employed by Nicklos to dig a pipeline ditch. Plaintiff sued Nicklos, among others, for damages. Nicklos filed several responses including an "exception of no right and/or cause of action" claiming that plaintiffs exclusive remedy was in workmen's compensation because Nicklos was the statutory employer of plaintiff. The court first considered defendant's exception of no cause of action noting that the exception questions whether the law affords any remedy to the plaintiff under the allegations of his petition. The court also noted that no evidence may be introduced to support or controvert the exception as it is triable solely on the face of the petition. Guillory, 315 So.2d at 881. After reviewing the pleadings filed by the plaintiff, the court found that the petition did not establish as fact that Nicklos was plaintiff's statutory employer. The petition only alleged that Nicklos owned and operated the pipeline and did not allege that digging the ditch was part of Nicklos' business or occupation. The court thus held that plaintiff did state a cause of action against Nicklos and the question of whether or not Nicklos was plaintiffs statutory employer would have to be determined at trial.
Having determined that the plaintiff had a cause of action, the Guillory court then turned its attention to the question of whether the plaintiff had a right of action against Nicklos. The court stated:
"The function of the peremptory exception of no right of action is to provide a threshold device for terminating a suit brought by one without the legal capacity to file it or without the legal interest to assert it."
Id. at 882. The court then held that it was clear that the plaintiff had the legal capacity to sue. Thus the key determination was whether the plaintiff was the proper party to assert the cause of action. The court then found that it was clear that he was the proper party, as it was clear that he had a legal interest in a cause of action based upon his own injury. "The exception of no right of action is not available to urge a defense to the effect that plaintiff is without interest simply because defendants have a defense to the action." Id.
After reviewing the facts of Guillory and the present matter and the reasoning used by the Guillory court, we feel that a similar approach is warranted in this case. Thus we feel that the trial court's sustaining of defendant's exception of no right of action was erroneous. It is apparent that Livings has a right of action to redress her injuries if it is determined that she has a cause of action against Oakbourne. Therefore, we must determine if plaintiff has a cause of action against Oakbourne.[2] Although defendant has not filed a peremptory exception of no cause of action, such an exception may be noticed by the appellate court on its own motion. LSA-C.C.P. art. 927. See also Teachers' Retirement System v. Louisiana State Employees' Retirement System, 456 So.2d 594, 598 (La.1984). We will now consider the allegations of plaintiffs petition to determine if she has stated a cause of action against Oakbourne.
*624 After identifying the plaintiff and the defendants and giving the relevant domiciliary and service information, plaintiff's petition reads:

"FIRST CAUSE OF ACTION

3.
That at all times herein relevant, Defendant, Oakbourne Country Club, Inc., owned, operated, and maintained a certain private country club in Lafayette, Louisiana, known as `Oakbourne Country Club' at 3700 East Simcoe Street, Lafayette, Louisiana.

4.
That at all times herein relevant and, on or about January 27, 1984 at approximately 9:00 o'clock a.m., your Plaintiff was lawfully on the Defendant's business premises at 3700 East Simcoe Street, Lafayette, Louisiana. Plaintiff had been employed as a locker room attendant by Defendant, Oakbourne Country Club, Inc., but said employment relationship had terminated shortly before the incident described below:

5.
That on leaving the premises of Oakbourne Country Club and while traversing a terrazzo hallway immediately adjacent to the kitchen area, Plaintiff slipped on an accumulation of water and was caused to fall and suffer injuries to her mind and body including, but not limited to, a right ilio-lumbar ligament sprain, sprain of the left shoulder and left cervical strain."
Plaintiffs petition then alleges negligence on the part of the defendant and claims $500,000 in damages. Plaintiff then asserts a "Second Cause of Action" in which she alleges that if she is found to have been acting in the course of her employment, she should be entitled to recover worker's compensation benefits.
After reviewing the facts pleaded in plaintiffs petition, we find our situation distinguishable from Guillory. In Guillory, the court found that the facts pled in plaintiff's petition did not establish that the defendant was plaintiffs statutory employer, but only established that the pipeline was owned and operated by the defendant. In contrast, the present plaintiff states in her petition that she was employed as a locker room attendant by Oakbourne. She states that she was terminated and upon leaving the premises shortly thereafter, she slipped and fell sustaining her injuries. We feel that these facts when considered together with the holdings of Matthews, 225 So.2d at 395, and Carter, 193 So.2d at 261, can lead to no other conclusion than that plaintiff was acting within the course of her employment when injured. Therefore, her only remedy is under the worker's compensation provisions and she has no cause of action in tort against Oakbourne.[3]
As previously stated, this appeal does not concern plaintiffs worker's compensation claim. A cause of action in tort exists separate and apart from any claim for worker's compensation. (See Pennington v. Kyzar, 510 So.2d 697, 699 (La.App.lst Cir.1987)). Costs of this appeal are taxed to plaintiff, Hazel Livings.
AFFIRMED.
NOTES
[1] Plaintiff assigns the following errors by the trial court

1. The trial court erred in permitting the defendants herein to assert the defense of tort immunity under the Louisiana Worker's Compensation Law through the peremptory exception of no right of action.
2. The trial court erred in finding that the employer herein was granted tort immunity under the Louisiana Worker's Compensation Act with respect to Plaintiff who had been terminated by the Defendant-Employer shortly before the accident in question occurred.
[2] We note several cases allowing for the disposition of a tort claim under the exclusive remedy provision by use of a peremptory exception of no cause of action. See Physicians & Surgeons Hospital, Inc. v. Leone, 399 So.2d 806 (La.App.3d Cir.), writ denied, 401 So.2d 993 (La. 1981); Kelleyv. M&M Dodge, Inc., 370 So.2d 1267 (La. App.3d Cir.), writ denied, 374 So.2d 660 (La. 1979); Gray v. Margot, 408 So.2d 436 (La. App.lst Cir.1981); Trahan v. Travelers Insurance Co., 278 So.2d 886 (La.App.lst Cir.1973).
[3] In Trahan, 278 So.2d at 886 the First Circuit similarly sustained an exception of no cause of action in tort while stating that plaintiff did still have a cause of action in worker's compensation.