JEROME C. ARDOIN, JR.

VERSUS

CLECO POWER, LLC

************

APPEAL FROM THE
OFFICE OF WORKERS' COMPENSATION, DISTRICT 02
PARISH OF RAPIDES, NO. 08-22694
HONORABLE JASON OURSO
WORKERS' COMPENSATION JUDGE

************

JIMMIE C. PETERS
JUDGE

************

Court composed of Sylvia R. Cooks, Jimmie C. Peters, and Billy H. Ezell, Judges.

**AFFIRMED.**

Cooks, J. dissents and assigns reasons.

Bret C. Beyer, Sr.
Hill & Beyer
Post Office Box 53006
Lafayette, LA 70505-3006
(337) 232-9733
COUNSEL FOR PLAINTIFF/APPELLANT:
Jerome C. Ardoin, Jr.


Kathryn Fowler Van Hoof
Van Hoof Law Firm
Post Office Box 339
LeCompte, LA 71346
(318) 776-4836
COUNSEL FOR DEFENDANT/APPELLEE:

**CLECO Power, LLC**

PETERS, J.

The plaintiff, Jerome C. Ardoin, Jr., was terminated from his employment with the defendant, Cleco Power, LLC (Cleco). While clearing out his office, he slipped, fell, and suffered injuries to his neck and back. Mr. Ardoin filed suit against Cleco seeking workers' compensation benefits. The workers' compensation judge (WCJ) rendered summary judgment in favor of Cleco, finding that Mr. Ardoin was not entitled to benefits as he was not injured while in the course and scope of his employment. Mr. Ardoin appeals this judgment. For the following reasons, we affirm the judgment of the WCJ in all respects.

**DISCUSSION OF THE RECORD**

The facts are not in dispute. Mr. Ardoin's employment with Cleco was terminated on Friday morning, October 24, 2008. Mr. Ardoin's office with Cleco was located in Eunice, Louisiana, but he was informed of his employment termination at Cleco's Work Center in Opelousas, Louisiana. His employer gave him permission to return to his office on Monday morning, October 27, 2008, to collect his personal effects and return any Cleco property still in his possession. While clearing out his office on Monday morning, Mr. Ardoin sustained serious physical injuries in a slip and fall accident. His treating physician recommended that he undergo surgery to both his neck and lower back as treatment for the injuries he sustained.

Mr. Ardoin filed a disputed claim for compensation against Cleco seeking wage benefits, medical treatment, and penalties and attorney fees. Cleco answered denying liability. The matter is now before us because both litigants filed motions for partial summary judgment addressing Mr. Ardoin's employment status at the time of the accident. The WCJ granted Cleco's motion, denied Mr. Ardoin's motion, and dismissed Mr. Ardoin's claims against Cleco.

Mr. Ardoin sought a supervisory writ from this court which, in an unpublished opinion, was denied because this court found that he had an adequate remedy through ordinary appeal. *Ardoin v. Cleco Power, L.L.C.*, 09-683 (La.App. 3 Cir. 6/26/09). Mr. Ardoin then appealed, raising one assignment of error:

> Judge Ourso erred as a matter of law by determining that the plaintiff, an employee under the Louisiana Workers' Compensation Act, terminated on a Friday evening, was not covered by the Act when injured the following Monday morning on the employer's premises, while wrapping up the affairs of his employment pursuant to an agreement with the employer.

**OPINION**

Appellate courts review summary judgments *de novo*, using the same analysis as the trial court in deciding whether summary judgment is appropriate. *Smith v. Our Lady of the Lake Hosp., Inc.*, 93-2512 (La. 7/5/94), 639 So.2d 730. A motion for summary judgment must be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the mover is entitled to judgment as a matter of law. La.Code Civ.P. art. 966(B). Because the facts are not in dispute, the only issue before us is the legal question concerning Mr. Ardoin's employment status at the time of the accident.

An employee, who suffers an injury while in the course and scope of his employment, is limited to recovery pursuant to the Workers' Compensation Act. La.R.S. 23:1032. The few cases dealing with the scenario where the employee seeking workers' compensation benefits is injured on the employer's premises subsequent to being terminated, have been addressed by extrapolating from situations dealing with employees injured on the employer's premises before or after work. The end result of these cases is to conclude that employees are allowed a reasonable

2

period of time to gather up their belongs before quitting their employer's premises. If an injury occurs during that reasonable period of time, the employee is considered to be within the course and scope of his/her employment. *See Livings v. Reliance Ins. Co.*, 525 So.2d 620 (La.App. 3 Cir. 1988); *Matthews v. Milwhite Mud Sales Co.*, 225 So.2d 391 (La.App. 3 Cir.), *writ denied*, 254 La. 772, 226 So.2d 526 (1969), *writ denied*, 255 La. 149, 229 So.2d 732 (1970); *see also LaFleur v. Swallow's Rice Mills*, 532 So.2d 255 (La.App. 3 Cir. 1988); *Carter v. Lanzetta*, 249 La. 1098, 193 So.2d 259 (1966).

Many of these opinions support their decision with language found in WEX S. MALONE & H. ALSTON JOHNSON, III, 13 LOUISIANA CIVIL LAW TREATISE, WORKERS' COMPENSATION, § 167, p. 332-33 (4th ed. 2002) (footnotes omitted), pertaining to "Accidents on Employer's Premises Before or After Working Hours":

> The observation has been made in previous sections that an employee is acting in the course of his employment while he is actually engaged in his employer's work even before or after working hours. Furthermore, even if he has finished the day's work and is preparing to leave, or is in the act of leaving, he is entitled to a reasonable period while still on the premises which is regarded as within the course of the employment. The working day embraces these intervals just as it includes reasonable periods for rest, relaxation or the attendance of personal needs. This applies also to periods prior to the actual beginning of work under similar circumstances.

We decline to conclude that given the facts of this case, the delay between the Friday evening termination and the Monday morning injury was a reasonable period of time. That being the case, we find no merit in Mr. Ardoin's assignment of error.

## DISPOSITION

We affirm the judgment of the workers' compensation judge in all respects. We assess all costs of this appeal to Jerome C. Ardoin, Jr.

**AFFIRMED.**

3

# STATE OF LOUISIANA

# COURT OF APPEAL, THIRD CIRCUIT

## 09-1085

**JEROME ARDOIN**

**VS.**

**CLECO POWER**

**COOKS, J. DISSENTS.**

Mr. Ardoin returned to pick up his personal effects on the date, Monday, October 27, 2008, his employer granted him permission to do so. Any "delay" in retrieving the effects resulted from the employers insistence that he wait until Monday. The employer granted the claimant a "reasonable time" on a fixed date to retrieve his belongings and the accident occurred during this period.