*265
 
 PER CURIAM.
 
 *
 

 _JiWrit granted. Finding the court of appeal majority erred in affirming the summary judgment granted by the Office of Workers’ Compensation (OWC), we reverse.
 

 The material issues of fact are not in dispute. Ardoin, a Cleco employee, was discharged on Friday, October 24, 2008 at Cleco’s Work Center in Opelousas, Louisiana. Ardoin’s office was located in Eunice, Louisiana. At the time of his termination, Cleco retrieved from him all of their property they considered significant with the exception of a radio mounted in Ardoin’s personal vehicle. Ardoin does not dispute that Cleco’s communications department later went to Ardoin’s home to remove this radio from Ardoin’s personal vehicle. Ar-doin requested that he be allowed to go to his office in Eunice on Monday, October 27, 2008, to retrieve his personal effects. Ardoin avers he also had Cleco property in his desk and in his office to return to Cleco. Although Cleco does not dispute the specific items of property Ardoin claims he had to return, Cleco contends all property it considered significant |ahad been retrieved on Friday (with the exception of the radio mounted in the personal vehicle, which was retrieved from the vehicle while located at Ardoin’s home). Cleco agreed to Ardoin’s request and allowed Ardoin to go to his office on Monday, October 27, 2008. While clearing out his office, Ardoin sustained serious physical injuries in a slip and fall accident.
 

 Ardoin filed a disputed claim for compensation seeking wage benefits, medical treatment, penalties and attorney fees. Both parties filed motions for summary judgment addressing Ardoin’s employment status at the time of the accident. Finding there were no genuine issues of material fact, the OWC Hearing Officer granted Cleco’s motion and denied Ar-doin’s motion. The court of appeal majority affirmed, rejecting Ardoin’s argument that the accident occurred during the reasonable period of time permitted a discharged employee to wind up his affairs.
 
 Ardoin v. Cleco Power, L.L.C.,
 
 09-1085, p. 8 (La. Ct.App. 3 Cir. 3/10/10), 33 So.3d 420, 422. We find the lower courts erred as a matter of law.
 

 An employee’s exclusive remedy against his employer for injuries suffered in the course and scope of his employment is limited to recovery pursuant to the Workers’ Compensation Act. La.Rev.Stat. 23:1032. Larson’s
 
 Workers’ Compensation Law,
 
 § 26.01 instructs:
 

 Compensation coverage is not automatically and instantaneously terminated by the firing or quitting of the employee. The employee is deemed to be within the course of employment for a reasonable period while winding up his or her affairs and leaving the premises. The difficult question is: what is a reasonable period?
 

 See also, Livings v. Reliance Ins. Co., 525
 
 So.2d 620, 622 (La. Ct.App. 3 Cir.1988),
 
 writ not considered,
 
 530 So.2d 557 (La.1988);
 
 Matthews v. Milwhite Mud Sales Co.,
 
 225 So.2d 391, 395 (La. Ct.App. 3 Cir.1969),
 
 writ denied,
 
 254 La. 772, 226
 
 *266
 
 So.2d 526 (1969),
 
 writ refused,
 
 255 La. 149, 229 So.2d 732 (1970). The court of appeal correctly observed the | sfew cases dealing with a terminated employee seeking workers’ compensation benefits have been addressed by extrapolating from situations dealing with employees injured on the employer’s premises before or after work.
 
 Ardoin,
 
 09-1085 at p. 2, 33 So.3d at 422. If the injury occurs during the reasonable period of time for winding up his affairs, the employee is considered to be within the course and scope of employment.
 
 Livings, supra; Matthews, supra; see also Carter v. Lanzetta,
 
 249 La. 1098, 193 So.2d 259, 261-262 (1966).
 

 The relevant factors to be considered in determining whether Ardoin’s injury occurred within a reasonable period of time to wind up his affairs are the purpose that prompted him to return and the relationship between that purpose and the conditions surrounding his work.
 
 See
 
 13 H. Alston Johnson, III,
 
 Louisiana Civil Law Treatise-Workers’ Compensation,
 
 § 167, p. 336 (4th ed.2002). Ardoin was on the Eunice premises with Cleco’s permission to clean out his office after being terminated. Cleco allowed Ardoin to do this on the Monday following the discharge that occurred on Friday in Opelousas. It is immaterial that Cleco avers it considered any of its property Ardoin attempted to return on Monday insignificant. A fact is material if it potentially insures or precludes recovery, affects a litigant’s ultimate success, or determines the outcome of the legal dispute.
 
 King v. Illinois Nat’l Ins. Co.,
 
 08-1491, p. 6 (La.4/3/09), 9 So.3d 780, 784. It was undisputed that Cleco permitted Ardoin to go to his office on Monday to remove his personal effects. Under these circumstances, we find as a matter of law Ardoin was within a reasonable period of time to wind up his affairs.
 

 DECREE
 

 The OWC ruling on the defendant’s motion for summary judgment is reversed. [4The discharged employee was present with the employer’s permission to clean out his office and retrieve his personal effects. This is the dispositive fact in determining whether the injury occurred during a reasonable period of time for winding up his affairs. This matter is remanded to the OWC for further proceedings consistent with the views expressed herein.
 

 REVERSED AND REMANDED.
 

 VICTORY, J., dissents and would deny the writ.
 

 GUIDRY and CLARK, JJ., would deny.
 

 *
 

 Chief Justice Catherine D. Kimball not participating in this opinion. Retired Judge Phillip C. Ciaccio participating.