CRICHTON, J.,
additionally concurs and assigns reasons;
LI agree with the denial of this application, I write separately to point out that, in my view, the law is clear that this plaintiff was within the course and scope of her employment at the time of the accident. Specifically, plaintiff — a casino employee— was within the course and scope, of her employment when she was injured in an accident with a vehicle driven by another casino, employee while searching for a parking space before work in a lot where casino employees were instructed to park. Where an accident occurs on the employer’s premises, the accident is between two (or more) employees, and the accident occurs either shortly before or after working hours, I believe the accident arises out of the course and scope of the employment. See, e.g., Ardoin v. Cleco Power, L.L.C., 2010-815 (La.7/2/10), 38 So.3d 264, 266 (“If the injury occurs during the reasonable period of time for winding up his affairs, the employee is considered to be within the course and scope of employment.”); Carter v. Lanzetta, 249 La. 1098, 193 So.2d 259 (1966) (finding .accident was within course, of employment when it occurred on the premises 20-30 minutes after plaintiff had been paid). See also 13 La. Civ. L. Treatise, Workers’ Compensation Law & Prac. § 167 (5th ed.2015) (noting that this Court has “demonstrated that. its views inclined toward coverage of injuries on the premises within a reasonable time prior to or after the completion of a work day”).