555 So.2d 35 (1989)
Joella SOLET
v.
K-MART CORPORATION.
No. CA 88 1792.
Court of Appeals of Louisiana, First Circuit.
December 19, 1989.
Writ Denied March 9, 1990.
Richard A. Thalheim, Jr., Thibodaux, for plaintiff and appellantJoella Solet.
Camille Morvant, Thibodaux, for defendant and appelleeK-Mart Corp.
Diane K. Zink, New Orleans.
Before LOTTINGER, CRAIN and LeBLANC, JJ.
*36 CRAIN, Judge.
This is an appeal of a judgment based upon a jury verdict denying the plaintiff's action in tort and finding that plaintiff's remedy was in worker's compensation.

FACTS
On November 2, 1985, Joella Solet slipped and fell in the cafeteria of a Mart store in Houma, Louisiana. At the time of the accident she was employed by the K-Mart store. The accident occurred after she had clocked out for her lunch break. K-Mart does not pay their employees for their lunch break. K-Mart did not require or suggest that their employees remain on the premises during the lunch period. The employees were not given any incentive to patronize K-Mart's cafeteria. They were not given free meals or a discount on food. They paid the same price as any customer purchasing food. The cafeteria was not an area generally traversed by Joella Solet during her work duties.
Worker's compensation benefits were paid through May 31, 1986. In June, 1986, the plaintiff returned to work at K-Mart and worked through December 27, 1987, at which time she requested a medical leave of absence.
On October 31, 1986, the plaintiff filed a tort action against K-Mart for the injury. On May 28, 1987, K-Mart Corporation intervened in the proceedings to assert a claim for reimbursement and indemnification for K-Mart corporation for all sums paid to the plaintiff for worker's compensation or medical expenses.
Prior to trial, the plaintiff submitted a motion in limine that the court determine that the case was in tort and not covered by worker's compensation. The court refused to make a pre-trial determination.
The trial judge had set a cutoff date to add parties or amend pleadings of September 1, 1987. On April 19, 1988, the day prior to trial, Joella Solet filed a pleading styled a "reconventional demand" seeking worker's compensation benefits from Mart. K-Mart filed a motion to strike the reconventional demand alleging that it was not timely filed. The trial judge granted K-Mart's motion to strike the reconventional demand.
After all evidence was submitted and arguments completed the trial court submitted an interrogatory to the jury to determine whether the accident occurred within the course and scope of the plaintiff's employment. The jury determined that the accident did occur within the course and scope of the employment. The trial judge was to rule on the intervention for reimbursement by K-Mart Corporation, but due to his acceptance of the jury's decision on the interrogatory finding that the accident occurred within the course and scope of the plaintiff's employment, no decision was rendered as to the intervenor.
The issues for review are whether the trial court erred in allowing the jury to decide whether the accident arose in the course and scope of employment; whether the accident occurred within the course and scope of the plaintiff's employment; whether the trial court erred in refusing to submit jury instructions as requested by the plaintiff, and in striking the plaintiff's reconventional demand for worker's compensation benefits.

APPLICABILITY OF WORKER'S COMPENSATION LAW AS JURY ISSUE
We find that the trial judge erred by allowing the jury to determine whether the accident occurred within the course and scope of the plaintiff's employment.
A jury trial is not available in a worker's compensation proceeding. La.C. CP. art. 1732. Consequently, the central issue of whether an accident is work related is always determined by the court in a worker's compensation suit. A determination of whether an accident is work related is tantamount to a legal determination of whether worker's compensation provides coverage. It would not be logical to bar a jury from hearing worker's compensation cases but allow them to decide the central issue of worker's compensation coverage. Depending upon the posture of the case and the manner in which the question is *37 presented to the court, the court should at some point in the proceeding make the determination as a matter of law that the case is worker's compensation or tort. Only if it is determined by the court to be tort should the matter be presented to the jury.
Although the jury's determination is invalid the record is complete on whether the accident is work related. Consequently, we will disregard the jury's determination, and make a de novo determination of whether the accident occurred within the course and scope of the plaintiff's employment.

SCOPE AND COURSE OF EMPLOYMENT
It is a well settled rule that a liberal construction is traditionally afforded the worker's compensation act. Lester v. Southern Casualty Insurance, 466 So.2d 25 (La.1985).
The traditional rule with regard to lunch hour accidents is set forth in 13 W. Malone & H.A. Johnson, III, Louisiana Civil Law Treatise 163 (1980) as follows:
Ordinarily, an employee who leaves his employer's premises and takes his noon hour meal at home or some other place of his own choosing is outside the course of his employment from the time he leaves the work premises until he returns. In the absence of a further showing it is assumed that the nature of his employment has not affected his personal eating practices, and the mere fact that he expects to return to his job at the end of the lunch hour is not enough to warrant the inclusion of this period within the course of his employment....
At the other extreme is the case of the employee who is obliged to eat at his post of duty during stand-by periods....
Between these extremes there is room for infinite variation. Where the employee is ordered to eat on the premises, or where the location of the place of work is such as to require this, it is generally held that an accident which occurs during the meal hour is within the course of the employment. The justification for this conclusion is the fact that the conditions of work have affected the normal eating habits of the employee and have forced him to make adjustments in this respect for his employer's benefit.
....
The extent of the demand that working conditions will make upon the eating practices of employees will vary from case to case and it is not easy to say in advance when the lunch period can be included in the course of the employment. Here again, the court should not ignore the character or origin of the risk that resulted in injury or death.
....
Accidents that occur on the premises during permitted rest periods are treated similarly to accidents on the premises during meal hours, and they are generally regarded as occurring in the course of the employment. Courts recognize that reasonable periods of rest and relaxation are essential to the efficient discharge of the employer's business and such periods assist in maintaining satisfactory relations between employer and employee. Hence they are not simply intervals of time during which the employee withdraws from the relationship for his personal benefit, (footnotes omitted and emphasis supplied)
The determination of whether an accident occurring during the lunch period was in the course and scope of the plaintiff's employment depends on the facts of each case. Lavier v. Maclellan, 247 So.2d 921 (La.App. 4th Cir.1971).
In Huett v. Insurance Company of North America, 329 So.2d 222 (La.App. 4th Cir.) writ refused, 332 So.2d 863 (La.1976), the rationale of allowing workman's compensation coverage for a reasonable interval before and after working hours was extended to provide coverage to employees injured on the employer's premises when they are going to or coming from lunch. The employee remained in the store, shopping for about fifteen minutes before exiting the store and getting injured on the sidewalk adjacent to the premises. In Carter v. Winn Dixie Louisiana, 517 So.2d 504 (La.App. 4th Cir. 1987), writ denied, *38 520 So.2d 755 (La.1988) it was held that workman's compensation was the exclusive form of recovery for an employee who slipped and fell on a wet floor while shopping after she had clocked out.
The plaintiff was injured when she fell in the cafeteria in the K-Mart. She admitted that K-Mart could have requested that she return to work before her lunch period was complete if the need arose. Employees dining in a K-Mart's cafeteria provide a benefit to the employer since they provide stand-by help if needed.
The plaintiff argues that she was not entering or leaving the premises and therefore should not fall within the aforementioned cases. We find this too tenuous a line to draw. Were we to follow the plaintiff's argument, an employee who stopped in the cafeteria, during a lunch period, to purchase a soft drink and was injured before exiting the premises for lunch would be covered by workman's compensation, but an employee who was injured under identical circumstances but intended to remain on the premises for lunch would not be covered. This would not be in accordance with allowing a liberal construction of the Worker's Compensation Act.
We find that an employee injured while dining in their employer's on premises cafeteria is covered by workman's compensation.
Having found that the accident was covered by worker's compensation, the issues regarding the trial court's denial of the motion in limine and its refusal to submit the requested jury instructions regarding the coverage of worker's compensation are moot.

RECONVENTIONAL DEMAND FOR COMPENSATION BENEFITS
The plaintiff alleges that it was error for the trial court to deny her reconventional demand seeking worker's compensation benefits. A pre-trial order set a cutoff date of September 1, 1987, for adding parties and amending pleadings.
La.C.C.P. art. 1551 states in part:
The court shall render an order which recites the action taken at the conference, the amendments allowed to the pleadings, and the agreements made by the parties as to any of the matters considered, and which limits the issues for trial to those not disposed of by admissions or agreements of counsel. Such order controls the subsequent course of the action, unless modified at the trial to prevent manifest injustice, (emphasis supplied).
The trial court set the cutoff date of September 1, 1987 for adding parties and amending pleadings. On April 19, 1988, the day before trial, the plaintiff filed a petition styled "reconventional demand" seeking worker's compensation benefits.
The plaintiff alleges that the pre-trial order did not preclude a reconventional demand.
A pleading is to be governed by its substance and not by the name which a party uses to designate his demand. Cvitanovich v. Sorli, 347 So.2d 1204 (La.App. 1st Cir. 1977). Every pleading shall be so construed as to do substantial justice. La. C.C.P. art. 865.
The "reconventional demand" by the plaintiff is an attempt to amend their pleadings to include a demand for worker's compensation beyond the time period established in the pre-trial order. The plaintiff did not discover any new evidence after the cutoff date which might entitle her to amend her pleadings at such a late date. As noted by the trial judge in his reasons for judgment in granting K-Mart's motion to strike the reconventional demand, there was nothing to prevent the plaintiff from asserting a claim in tort and alternatively a claim in worker's compensation long before the cutoff date. The plaintiff has failed to provide any reason why her pleading is not subject to the pre-trial order. We find no abuse of the trial court's discretion.
The judgment of the trial court is affirmed. All costs of this appeal are assessed against the appellant.
AFFIRMED.