I «GOTHARD, Judge.
Defendants, Laborie Food Mart, Inc. d/b/a Laborie Supermarket (Laborie), and Argonaut Great Central Insurance Company (Argonaut), appeal a judgment of the trial court which awarded plaintiff, Christina Michelle Matrana, $49,618.38 in damages for injuries sustained on defendant, Laborie’s, premises. For reasons that follow, we reverse.
The record shows that, at the time of the accident, Ms. Matrana was employed by Laborie as a part-time cashier. On the day of the incident, she was asked to work an extra shift because one of the other cashiers was ill. Originally, Ms. Matrana was scheduled to get off at about two or three in the afternoon. However, because of the extra shift she was not scheduled to leave the store until nine or ten at night. Because she worked the extra shift, Ms. Matrana was entitled to a thirty-minute break at about five or six that |3evening. When she took that break, she punched out and brought her food into the deli to heat it up. While waiting for her dinner to warm, she walked to the rear of the store to ask her supervisor how long the break would be. While speaking to her supervisor, she inadvertently placed her hand on a pallet lifting machine, causing the drive mechanism to engage and roll over her right foot. The incident caused severe injuries to Ms. Matrana’s foot.
Ms. Matrana filed a claim for workers’ compensation benefits which was denied by Laborie’s workers’ compensation insurer, Louisiana United Businesses Association Self-Insurance Fund (LUBA-SIF), on November 30, 1998. Subsequently, Ms. Matrana filed an action in tort against Laborie. In a supplemental and amending petition, plaintiff also added Argonaut, La-borie’s liability carrier, and LUBA-SIF as defendants. In the petition, plaintiff asserts that the pallet lifting machine was defective, and it was this defect which caused her injury.
LUBA-SIF filed an answer and an exception of no right of action, arguing that it was not subject to direct action under Louisiana Law. In its answer to plaintiffs claim, Argonaut asserted that no coverage was provided under the policy for injuries sustained in the course and scope of employment. Argonaut and Laborie filed a joint motion for summary judgment asserting that plaintiff was injured in the course and scope of her employment and is limited exclusively to workers’ compensation benefits pursuant to LSA-R.S. 23:1032. The trial court denied the motion. Defendants filed a writ application in this court seeking review of that decision which was denied.[1] A subsequent writ application was denied by |4the Supreme Court with the reservation that defendants could “re-urge this issue on appeal in the event of an adverse judgment.”[2]
After the ruling on the defense motion for summary judgment by the trial court, *734 plaintiff dismissed her action against LUBA-SIF without prejudice. Subsequently, LUBA-SIF filed a motion for summary judgment, which was granted by the trial court. That judgment dismisses plaintiffs claim against LUBA-SIF with prejudice.
The matter went to trial on the merits before the bench, and judgment was rendered in favor of plaintiff. In support of the finding that plaintiff was not in the course and scope of her employment at the time of the accident, the trial court stated:
The testimony at trial revealed the area in which the accident occurred, although located in the warehouse, was used by the general public as a means of access to the store’s restrooms. Therefore, it was not an area which was solely restricted to store personnel. Secondly, the plaintiff had actually punched a time sheet. This indicated that she was not actually working at the time of the accident but was actually on her own time. At that point, she just like any other member of the general public who would enter the warehouse, was exposed to the same risk of injury as the general public.
Both Laborie and Argonaut have appealed the judgment. In separate briefs both defendants argue that plaintiffs claim is precluded by the immunity afforded an employer pursuant to the workers’ compensation law. It is also argued that the trial court erred in not finding that plaintiffs actions were either the sole, or a contributing cause, of the accident. Plaintiff filed an answer to the appeal seeking costs for frivolous appeal.
| ¡¿Pursuant to LSA-R.S. 23:1031, 1032, workers’ compensation is the exclusive remedy of an employee whose injury arises out of and in the course of her employment. That provision grants an defendant/employer, because he possesses a certain status, the right to plead the affirmative defense of immunity that may be asserted as a procedural bar against an otherwise viable negligence action. Walls v. American Optical Corp., 98-0455 (La.9/8/99), 740 So.2d 1262. When the employer seeks to avail itself of tort immunity under Section 1032, the employer bears the burden of proving entitlement to the immunity. Mundy v. Department of Health & Human Resources, 593 So.2d 346 (La.1992).
In Guillory v. Interstate Gas Station, 94-1767 (La.3/30/95), 653 So.2d 1152, the Louisiana Supreme Court discussed the requirements of LSA-R.S. 23:1032:
The terms “arising out of’ and “in the course of’ constitute a dual requirement. The former suggests an inquiry into the character or origin of the risk while the latter brings into focus the time and place relationship between the risk and the employment. The two requirements cannot, however, be considered in isolation from each other. A strong showing by the claimant with reference to the arise-out-of requirement may compensate for a relatively weak showing on the during-course-of requirement, or vice versa. As a corollary it follows that whenever the showing with respect to both requirements is relatively weak a denial of compensation is indicated. (Citations omitted)
Id. 653 So.2d at 1154.
The term, “in the course of’ concerns the time and place relationship between the risk and the employment. Raybol v. Louisiana, 520 So.2d 724, 725 (La.1988). The phrase “arising out of’ suggests an inquiry into the ^character or origin of the risk. Id. This is explained more fully in Mundy v. Department of Health and Human Resources, 593 So.2d 346 (La.1992):
*735 ... While coverage has been extended in some cases to include accidents during times for rest or lunch periods or before and after work on the employer’s premises, or to include accidents at places where employment duties are performed off the employer’s premises, the principal criteria for determining course of employment are time, place and employment activity.
The determination of whether an accident arises out of employment focuses on the character or source of the risk which gives rise to the injury and on the relationship of the risk to the nature of the employment. An accident arises out of employment if the risk from which the injury resulted was greater for the employee than for a person not engaged in the employment. Moreover, an accident has also been held to arise out of employment if the conditions or obligations of the employment caused the employee in the course of employment to be at the place of the accident at the time the accident occurred....
The principal objective of the “arising out of employment” requirement is to separate accidents attributable to employment risks, which form the basis of the employer’s obligation under the compensation system, from accidents attributable to personal risks, for which the employer should normally not be responsible. The risks which have caused the greatest difficulty are those that have neither a particular employment character nor a particular personal character. (Citations omitted)
Id. 593 So.2d at 349.
A complete discussion of the issue at hand can be found in Solet v. K-Mart Corp., 555 So.2d 35 (La.App. 1 Cir.1989); writ denied, 558 So.2d 572 (La.1990). The facts in that case are similar to the facts in the instant case. In Solet, an employee of K-Mart slipped and fell on the work premises while on her lunch hour. The accident occurred after plaintiff had punched out. K-Mart, like the defendant in the instant case, does not pay employees on lunch hours or require that its employees remain on the premises during the lunch period. In finding that the employee’s remedy for the injuries was [7exclusively in workers’ compensation, the Solet court relied on the traditional rule with regard to lunch hour accidents as set forth in 13 W. Malone & H.A. Johnson, III, Louisiana Civil Law Treatise 163 (1980). In that treatise the rule on lunch hour accidents is explained as follows:
Ordinarily, an employee who leaves his employer’s premises and takes his noon hour meal at home or some other place of his own choosing is outside the course of his employment from the time he leaves the work premises until he returns. In the absence of a further showing it is assumed that the nature of his employment has not affected his personal eating practices, and the mere fact that he expects to return to his job at the end of the lunch hour is not enough to warrant the inclusion of this period within the course of his employment....
At the other extreme is the case of the employee who is obliged to eat at his post of duty during stand-by periods ....
Between these extremes there is room for infinite variation. Where the employee is ordered to eat on the premises, or where the location of the place of work is such as to require this, it is generally held that an accident which occurs during the meal hour is within the course of the employment. The justification for this conclusion is the fact that the conditions of work have affected the normal eating habits of the employee and have forced him to make adjust *736 ments in this respect for his employer’s benefit.
[[Image here]]
The extent of the demand that working conditions will make upon the eating practices of employees will vary from case to case and it is not easy to say in advance when the lunch period can be included in the course of the employment. Here again, the court should not ignore the character or origin of the risk that resulted in injury or death.
[[Image here]]
Accidents that occur on the premises during permitted rest periods are treated similarly to accidents on the premises during meal hours, and they are generally regarded as occurring in the course of the employment. Courts recognize that reasonable periods of rest and relaxation are essential to the efficient discharge of the employer’s business and such periods assist in maintaining satisfactory relations between employer and | semployee. Hence they are not simply intervals of time during which the employee withdraws from the relationship for his personal benefit. (Footnotes omitted)
We note with approval the First Circuit’s observation in Solet, that the determination of whether an accident is work related is tantamount to a legal determination of whether workers’ compensation provides coverage. Solet, supra, 555 So.2d at 87. Accordingly, the manifest error/clearly wrong standard of review applied to a finding of fact is not appropriate here. Consequently, we make a de novo determination of whether this is a work related accident, restricting plaintiffs recovery to workers’ compensation.
Applying the above principles to the instant matter, we find the trial judge was incorrect as a matter of law in finding that the plaintiff was not in the course and scope of her employment at the time she injured her foot.
In her testimony at trial, Ms. Matrana explained that she had been asked by her supervisor, Andrew Labrano, to work an extra shift on the day of the accident. The accident occurred after she punched out for her dinner break that evening. She put her food in the microwave oven in the deli and went to the warehouse to see Mr. Labrano to find out how long her break would be. Ms. Matrana described the warehouse as an employees only area with the exception that occasionally a customer will enter the area to use the restroom. Mr. Labrano and several stock boys were standing near the forklift. Mr. Labrano told Ms. Matrana the dinner break would be thirty minutes in duration. She remained in the warehouse talking for a short while. During that time she was leaning on the forklift with her hand on the handle. As she walked away, she inadvertently twisted the handle and the vehicle rolled over her right foot.
[9She stated that, although she was on a dinner break, she would have done some work if Mr. Labrano had asked. On occasion, the store gets busy and she must cut her breaks short to return to the cash register. She made it clear that she is subject to recall to work while on her dinner break.
We find the testimony of the plaintiff sufficient to show the injury arose out of and occurred within the course and scope of her employment. Plaintiff was in the restricted warehouse on her employer’s premises when the accident occurred. The risk from which the injury resulted was greater for the employee than for a person not engaged in employment. Further, although she was on a break at the time, she was subject to recall by her employer at any time. This injury is clearly a result of *737 a risk which is attributable to an employment rather than a personal risk. Mundy v. Health and Human Resources, supra.
Under these circumstances we find that plaintiffs exclusive remedy is in workers’ compensation, and that the trial court erred in granting a judgment in tort.[3] See; Solet v. K-Mart Corp., supra; Bosse v. Westinghouse Electric Inc., 93-1898 (La. App. 4 Cir. 5/17/94), 637 So.2d 1157; writ denied, 94-1623 (La.9/30/94), 642 So.2d 878.
For the foregoing reasons, we reverse the trial court’s judgment.
REVERSED.

. Matrana v. Laborie, 00-C-872 (La.App. 5 Cir. 4/17/00).

. Matrana v. Argonaut Great Cent. Ins. Co., 00-CC-1102 (La.4/20/00), 760 So.2d 1162.

. Nothing in this opinion restricts plaintiffs right to bring an action for workers' compensation. We note that such an action is not prescribed. Prescription is interrupted by the filing of a suit in a court of competent jurisdiction and venue. La.Civ.Code art. 3462. Bradley v. Mike Rougee Corp., 95-967 (La.App. 5 Cir. 6/25/96) 676 So.2d 1111, 1113, writ denied 96-1915 (La.11/1/96), 681 So.2d 1262.