848 So.2d 586 (2003)
Christine Maynard BREWTON, et ux.
v.
UNDERWRITERS INSURANCE COMPANY, et al.
Nos. 2002-CC-2852, 2002-CC-2853.
Supreme Court of Louisiana.
June 27, 2003.
*587 Joseph P. Williams, Metairie, Robert S. Wright, Counsel for Applicant.
Larry A. Stewart, Andrew P. Texada, Alexandria, Stafford, Steward & Potter, Joseph J. Bailey, Albin A. Provosty, Provosty, Sadler, deLaunay, Fiorenza & Sobel, Alexandria, Counsel for Respondent.
TRAYLOR, J.
Plaintiff, Christine Maynard Brewton, individually, and on behalf of her three minor children, seeks review of the decision of the court of appeal, which reversed the trial court judgment and found that defendants are entitled to a jury trial on the issues regarding Mrs. Brewton's employment status. After reviewing the record and the applicable law, the judgment of the court of appeal is affirmed.

FACTS AND PROCEDURAL HISTORY
This matter arises from a single vehicle accident that occurred on March 22, 2000, on I-49 in St. Landry, Louisiana, when Christine Brewton and her husband, Mickey Brewton, were returning from Baton Rouge after attending a business dinner. Mrs. Brewton sustained injuries while riding as a passenger in a vehicle driven by her husband, when he fell asleep at the wheel and lost control of the vehicle, causing it to overturn.
As a result of the accident, Mrs. Brewton, individually, and on behalf of her three minor children, filed suit against Mr. Brewton; his employer, L.L. Brewton Lumber Company, Inc. (L.L. Brewton); and its two insurers, Underwriters Insurance Company (Underwriters) and First Specialty Insurance Corporation (First Specialty).
In answer to Mrs. Brewton's petition, defendants admitted that Mr. Brewton was an employee of L.L. Brewton and that he was in the course and scope of his employment at the time of the accident. Defendants further alleged that Mrs. Brewton was also an employee of L.L. Brewton and that she, too, was in the course and scope of her employment at the time of the accident. As such, defendants asserted Mrs. Brewton is precluded from bringing a *588 suit in tort against defendants for damages sustained in the accident. Defendants further prayed for a jury trial on all the issues, including whether Mrs. Brewton was employed by L.L. Brewton and whether she was in the course and scope of her employment at the time of the accident.
Subsequently, Mrs. Brewton filed a motion in limine seeking a judgment from the trial court declaring that defendants were not entitled to a jury trial on the issues regarding Mrs. Brewton's employment status.
The trial court granted Mrs. Brewton's motion in limine. The court of appeal granted defendants' writ applications and made peremptory its order that the issues surrounding Mrs. Brewton's employment were to be presented to the jury. This court granted certiorari to review the correctness of that decision.

DISCUSSION
In her application to this court, Mrs. Brewton argues that the court of appeal erred in reversing the trial court judgment, which found the issues surrounding her employment should not be tried by a jury. In support of her argument, Mrs. Brewton relies on Solet v. K-Mart Corp., 555 So.2d 35 (La.App. 1 Cir.1989), writ denied, 558 So.2d 572 (La.1990) and Lemaire v. CIBA-GEIGY Corp., 99-1809 (La.App. 1 Cir. 6/22/01), 793 So.2d 336, writ denied, 01-2153, 802 So.2d 608 (La.11/16/01). Additionally, Mrs. Brewton relies on Matrana v. Argonaut Great Cent. Ins. Co., 01-640 (La.App. 5 Cir. 12/12/01), 806 So.2d 732, which she contends supports the Solet holding. Further, she argues that defendants are not entitled to a jury trial on issues relating to her employment status as La.Code Civ. P. art. 1732[1] expressly provides that "[a] trial by jury shall not be available in ... [a] workers' compensation ... proceeding...."
In opposition, defendants contend the court of appeal correctly applied La.Code Civ. P. art. 1732. Defendants concede the article prohibits a jury trial in a workers' compensation proceeding; however, they assert this matter is clearly not a workers' compensation proceeding. As such, defendants contend that in this tort proceeding they are entitled to a jury trial on issues relating to Mrs. Brewton's employment status. Further, defendants contend the cases relied upon by Mrs. Brewton do not have precedential value.
Unlike in criminal matters, there is no constitutional right to trial by jury in a civil case in Louisiana courts. Riddle v. Bickford, 2000-2408 (La.5/15/01), 785 So.2d 795. The right to jury trials in civil cases is not so fundamental to the American system of justice as to be required of state courts by the due process clause of the Fourteenth Amendment. Blanchard v. City Parish of East Baton Rouge, 95-2011 *589 (La.App. 1 Cir. 4/20/96), 674 So.2d 317, citing, Melancon v. McKeithen, 345 F.Supp. 1025, 1025 (E.D.La.1972), affirmed, 409 U.S. 943, 93 S.Ct. 289, 290, 34 L.Ed.2d 214 (1972). However, the right to a jury trial in a civil case is a basic right and should be protected in the absence of specific authority for its denial. Champagne v. American S. Ins. Co., 295 So.2d 437 (La.1974).
La.Code Civ. P. art. 1731(A) provides that "[e]xcept as limited by Article 1732, the right of trial by jury is recognized." In Pugeau v. Hebert, 00-0875 (La.5/12/00), 760 So.2d 325, this court stated, "The right to a jury trial is favored in the law and any doubtful statutory provision should be liberally construed in favor of granting a jury trial." La.Code Civ. P. art. 1732, however, places limitations upon civil jury trials and, as it specifically applies to the instant matter, provides that "[a] trial by jury shall not be available in ... [a] worker's compensation... proceeding."
Mrs. Brewton filed a tort action in a district court, where she alleged in her petition that she was injured in an automobile accident and sustained the following damages:
(A) Past, present and future medical expenses;
(B) Past, present and future mental pain and suffering;
(C) Past, present and future physical pain and suffering;
(D) Scarring and disfigurement;
(E) Loss of earning capacity.
* * *
As a result of the injuries to Christine Maynard Brewton her minor children suffered a loss of consortium in which they are entitled to recover damages.
A review of Mrs. Brewton's petition clearly reveals this is not a workers' compensation proceeding as she is not seeking workers' compensation benefits. Thus, exclusive jurisdiction lies with the district court. As such, in the instant case, a jury trial is available to determine disputed factual issues regarding her employment status.[2] If she were seeking workers' compensation benefits, she would be required to file a claim with the office of workers' compensation administration as Louisiana Constitution Article V, Section 16[3] provides *590 for exclusive jurisdiction with the Department of Labor for all "workers' compensation matters." La. R.S. 23:1310.3.[4]
Citing Solet, Lemaire, and Matrana, Mrs. Brewton contends that the issues of employment status in a non-workers' compensation proceeding cannot be decided by a jury. Rather, she asserts such issues must be presented to a judge. However, we note Solet was decided prior to the 1990 amendment to the La. Const. Art. V, Section 16, which removed workers' compensation cases from the district court's original jurisdiction. As a consequence, an employee's claim filed prior to the 1990 amendment could be asserted in district court against an employer in tort or, in the alternative, for worker's compensation benefits. Prior to the 1990 amendment, there was never any justification to extend Solet to the issue of statutory immunity in a clear tort suit by plaintiff, where all other procedural requirements to obtain a jury trial have been met. The justification for Solet was removed by the amendment to the Louisiana Constitution and the enactment of an administrative law system for workers' compensation matters. Essentially, Solet and its progeny have no precedential value as the district court will never be presented with a tort suit coupled with a workers' compensation suit, in the alternative.
Today, district courts no longer have subject matter jurisdiction in workers' compensation matters; rather, Office of Workers' Compensation has exclusive jurisdiction over workers' compensation proceedings. La. R.S. 23:1310.3; La. Const. Art. V, Section 16 (excepting workers' compensation matters from the jurisdiction of district court). The post-Solet cases relied upon by Mrs. Brewton fail to acknowledge the impact of the changes that have taken place in Louisiana law regarding original jurisdiction over workers' compensation matters. To the extent that Solet and its progeny hold that a party is not entitled to a jury trial on the issues of employment status in a tort suit filed in a district court, the court of appeal in the instant case was correct in declining to follow Solet considering the posture of the issues before the district court.
As to Mrs. Brewton's argument that La.Code Civ. art. 1732 serves to prohibit a jury trial on issues relating to Mrs. Brewton's employment status in the instant case because these issues directly involve the workers' compensation statute, we find this argument to be without merit. La.Code Civ. P. art. 1732 clearly and unambiguously prohibits a jury trial in "[a]... workers' compensation ... proceeding." When legislation is clear and unambiguous, the law must be applied as written and no further interpretation can be made in search of the intent of the legislature. La. Civ.Code art. 9; Moore v. Gencorp, Inc., 93-0814 (La.3/22/94), 633 So.2d 1268. In the instant case, the La.Code Civ. P. art. 1732 prohibition of trial by jury in workers' compensation proceedings does not apply in this instance to deprive defendants of its statutory right to a jury trial to decide disputed issues in a tort suit that *591 happens to raise issues regarding a party's employment status.
Accordingly, based upon the procedural posture of the instant case, the court of appeal did not err in reversing the trial court judgment and finding defendants are entitled to a jury trial on disputed facts regarding Mrs. Brewton's employment status.

DECREE
For the foregoing reasons, the judgment of the court of appeal is affirmed.
JOHNSON, J., concurs and assigns reasons.
JOHNSON, J., Concurring.
The majority opinion finds that defendants are entitled to a jury trial on disputed facts regarding plaintiff's employment status. If it is determined that plaintiff was in fact in the course and scope of her employment at the time of the accident in question, she would be limited to the remedies provided under workers' compensation (La. R.S. 23:1021 et seq.) and would, therefore, be barred from proceeding with her tort claim.
In my opinion, allowing a jury trial without a determination of plaintiff's employment status is an unnecessary burden on the judicial system. Judicial economy is better served if there is a determination as to whether the case is properly in tort or workers' compensation before exercising the right to a jury trial.
NOTES
[1] La.Code Civ. P. art. 1732, in its entirety, provides:

A trial by jury shall not be available in:
(1) A suit where the amount of no individual petitioner's cause of action exceeds fifty thousand dollars exclusive of interest and costs.
(2) A suit on an unconditional obligation to pay a specific sum of money, unless the defense thereto is forgery, fraud, error, want, or failure of consideration.
(3) A summary, executory, probate, partition, mandamus, habeas corpus, quo warranto, injunction, concursus, workers' compensation, emancipation, tutorship, interdiction, curatorship, legitimacy, filiation, annulment of marriage, or divorce proceeding.
(4) A proceeding to determine custody, visitation, alimony, or child support.
(5) A proceeding to review an action by an administrative or municipal body.
(6) All cases where a jury trial is specifically denied by law.
[2] We note the matter is presented to this court in a somewhat unusual posture because Mrs. Brewton filed a motion in limine seeking to preclude the jury from hearing issues surrounding her employment status. Typically, the underlying issue of whether an accident is work related is resolved in a pre-trial motion or exception, such as an exception of no right of action or lack of subject matter jurisdiction or a motion for summary judgment. Any of these pre-trial methods would have resolved the issue. However, because the parties involved elected not to use a more appropriate procedural vehicle, this case is limited to its procedural facts.
[3] La. Const. Art. V, Section 16(A) provides:

Original Jurisdiction. (1) Except as otherwise authorized by this constitution or except as heretofore or hereafter provided by law for administrative agency determinations in worker's compensation matters, a district court shall have original jurisdiction of all civil and criminal matters. (2) It shall have exclusive original jurisdiction of felony cases and of cases involving title to immovable property, except as provided in (3) below; the right to office or other public position; civil or political right; probate and succession matters; except for administrative agency determination provided for in (1) above, the state, a political corporation, or political subdivisions, or a succession, as a defendant; and the appointment of receivers or liquidators for corporations or partnerships. (3) The legislature may provide by law that a family court has jurisdiction of cases involving title to movable and immovable property when those cases relate to the partition of community property and the settlement of claims arising from matrimonial regimes when such action arises as a result of divorce or annulment of marriage.
[4] La. R.S. 23:1310.3 E provides, in pertinent part:

Except as otherwise provided by R.S. 23:1101(D) and 1378(E), the workers' compensation judge shall be vested with original, exclusive jurisdiction over all claims or disputes arising out of this Chapter, including but not limited to workers' compensation insurance coverage disputes, employer demands for recovery for overpayment of benefits, the determination and recognition of employer credits as provided for in this Chapter, and cross-claims between employers or workers' compensation insurers for indemnification or contribution.