# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 14-725


**JAMES MICHAEL OWENS**

**VERSUS**

**STATE OF LOUISIANA D/B/A LOUISIANA COMMUNITY AND TECHNICAL COLLEGE SYSTEM**


\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 245,119
HONORABLE THOMAS MARTIN YEAGER, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**JOHN D. SAUNDERS**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Elizabeth A. Pickett, and John E. Conery, Judges.


**REVERSED AND REMANDED.**


**Pickett, J., concurs.**

**Angelo Joseph Piazza, III**
**Attorney at Law**
**P. O. Box 429**
**Marksville, LA 71351**
**(318) 253-6423**
**COUNSEL FOR PLAINTIFF/APPELLANT:**
    **James Michael Owens**

**Leanne Bridges**
**Attorney at Law**
**P. O. Box 1710**
**Alexandria, LA 71309**
**(318) 487-5944**
**COUNSEL FOR DEFENDANT/APPELLEE:**
    **State of Louisiana**

**SAUNDERS, Judge.**

This is an appeal regarding whether an employee's tort suit against his employer was properly dismissed via an exception of no right of action. The employee contends that he very clearly alleged that the employer was intentionally tortious, and, thus, he had a remedy against that employer in tort. The employer contends that the employee's remedy is exclusively in workers' compensation.

We find that the trial court erroneously granted the employer's exception of no right of action. Accordingly, we reverse the trial court's judgment and remand the matter for further proceedings.

## FACTS AND PROCEDURAL HISTORY:

James Michael Owens was employed by the State of Louisiana (the State) as a welding instructor at the Alexandria campus of the Louisiana Community and Technical College from 1991 through April 2012. Owens filed a tort suit against the State on July 23, 2012. In his petition, Owens alleges that he was working in a building with inadequate ventilation which resulted in his exposure to high levels of particulate matter and chromium from 2008 through April of 2012. Owens further alleged that the administration was made aware of this exposure in 2008, but never repaired the ventilation system. Finally, Owens alleges that he suffered injuries as a result of the continuous exposure.

On October 4, 2012, the State filed an exception of no right of action. The matter was heard on January 13, 2014. On February 18, 2014, the trial court issued written reasons. Despite the transcript of the hearing indicating that the trial court was persuaded by Owens' argument that he had a right of action, on March 31, 2014, the trial court issued a judgment sustaining the State's exception of no right of action, finding that Owens' exclusive remedy is workers' compensation, and dismissing Owens' suit with prejudice.

Owens filed the appeal now before us. In it, he alleges one assignment of error.

## DISCUSSION OF THE MERITS:

Owens' assignment of error is that the trial court erred as a matter of law by dismissing his claim of intentional tort with prejudice for no right of action. Alternatively, Owens contends that the trial court erred as a matter of law by not allowing him the opportunity to amend his petition to state a right of action.

> Whether a plaintiff has a right of action is a question of law. *Mississippi Land Company v. S & A Properties II, Inc.*, 01-1623 (La.App. 3 Cir. 5/8/02), 817 So.2d 1200. An appellate court considers whether a trial court's ruling on an Exception of No Right of Action is legally correct via a de novo review. *Boyer v. Stric–Lan Cos. Corp.*, 04-872 (La.App. 3 Cir. 11/10/04), 888 So.2d 1037.
>
> The burden of proving that a plaintiff has no right of action is on the movant. *State on behalf of Jones v. Mallet*, 97-611 (La.App. 3 Cir. 12/17/97), 704 So.2d 958. The test for the application of the Peremptory Exception of No Right of Action is whether this plaintiff has the capacity or legal interest to enforce the rights asserted in the petition. This exception is a threshold device that terminates suits brought by one who cannot enforce the right asserted judicially. *Babineaux v. Pernie–Bailey Drilling Co.*, 261 La. 1080, 262 So.2d 328 (1972). "The exception of no right of action assumes that the petition states a valid cause of action for some person and questions whether the plaintiff in the particular case is a member of the class that has a legal interest in the subject matter of the litigation." *Indus. Cos., Inc. v. Durbin*, 02-665, p. 12 (La.1/28/03), 837 So.2d 1207, 1216.

*Randall v. Concordia Nursing Home*, 07-101, pp. 4-5 (La.App. 3 Cir. 8/22/07), 965 So.2d 559, 564, *writ denied*, 07-2153 (La. 1/7/08), 973 So.2d 726.

> Generally, when a worker seeks to recover from her employer for injuries suffered during the course and scope of employment, recovery is limited through the Louisiana Workers Compensation Act, La.R.S. 23:1032, which provides immunity from civil liability in favor of an employer. *Cole v. State, Dept. of Pub. Safety & Corr.*, 01-2123 (La.9/4/02), 825 So.2d 1134, 1138.
>
> La. R.S. 23:1032(A)(1)(a) provides, in pertinent part:
>
>> Except for intentional acts provided for in Subsection B, the rights and remedies herein granted to

an employee or his dependent on account of an injury, or compensable sickness or disease for which he is entitled to compensation under this Chapter, shall be exclusive of all other rights, remedies, and claims for damages, including but not limited to punitive or exemplary damages, unless such rights, remedies, and damages are created by a statute, whether now existing or created in the future, expressly establishing same as available to such employee, his personal representatives, dependents, or relations, as against his employer, or any principal or any officer, director, stockholder, partner, or employee of such employer or principal, for said injury, or compensable sickness or disease.

In interpreting the Workers Compensation Act, the Louisiana Supreme Court has held that:

[C]ompensation shall be an employee's exclusive remedy against his employer for an unintentional injury covered by the act, but that nothing shall prevent an employee from recovering from his employer under general law for intentional tort.

*Caudle v. Betts*, 512 So.2d 389, 390 (La.1987).

*Broussard v. Smith*, 08-473, pp. 2-3 (La.App. 3 Cir. 12/3/08), 999 So.2d 1171, 1173-74.

Prior to analysis, we note that there is some discussion in brief as to whether the trial court found that Owens' petition stated no *cause* of action rather than that Owens had no right of action. This discussion is based on statements made by the trial court at the January 13, 2004 hearing and the February 18, 2014 written reasons for judgment issued by the trial court. "It is well settled that reasons for judgment are not appealable, as an appeal is to address the written, final, appealable judgment." *Highsmith v. Foret*, 13-441, p. 12 (La.App. 3 Cir. 10/30/13), 124 So.3d 571, 579, *writ denied*, 13-2756 (La. 2/14/14) (*citing McFadden v. Import One, Inc.*, 10-952 (La.App. 3 Cir. 2/9/11), 56 So.3d 1212, *LaRocca v. Bailey*, 01-618 (La.App. 3 Cir. 11/7/01), 799 So.2d 1263, and La.Code Civ.P. art.1918). Accordingly, our analysis in this appeal will focus on whether

the trial court's judgment was legally correct in granting the State's exception of no right of action. Subsequently, however, we will address the issues raised in brief in an attempt to clarify, in our view, a potential misapplication of jurisprudence.

In the case before us, it is undisputed that Owens was an employee of the State. Owens, in his petition for damages, asserts that he suffered damages and has the right to recover in tort from his employer for those damages because "State of Louisiana, through its administrators and faculty, was negligent and/or at fault in the following particulars:

. . . .

D.) intentionally exposing plaintiff, James M. Owens, to particulates, including chromium, causing the conditions described above[.]"

Assuming that Owens's petition has stated a valid cause of action for the purpose of deciding an exception of no right of action, we find that Owens has a right of action against the State under La.R.S. 1032 because Owens has a legal interest in recovering damages for his own injury that he sustained due to the alleged intentional tort committed by the State through its administrators and faculty. Accordingly, we find that the trial court erred in its judgment that Owens does not have a right of action against the State.

We do note that there is some confusion as to whether the trial court ruled as it did based on a finding that Owens' petition failed to state a cause of action or on a finding that Owens had no right of action. This is so because, on January 13, 2014, after hearing on the State's exception of no right of action, the trial court stated,

> The essential function of an exception of no right of action is to test whether the plaintiff has a real and actual interest in the action, which I believe that he does. Its purpose is to determine whether the plaintiff

4

belongs to a class of person to whom the law grants a cause of action asserted in the lawsuit, which I believe that he is part of that class. The exception assumes that the petition states [a valid] cause of action and questions whether the petitioner in a particular case has a legal interest in the subject matter of the litigation which I believe he does. . . .

So, I believe that [Owens'] argument is correct that [the State's] exception of no right of action is not correct. But if you would like to submit some authority to me, I would be glad to consider it.

Subsequently, in the written reasons for judgment, dated February 18, 2014, the trial court stated, "Based upon the pleadings, the Court does not find the plaintiff has stated a *cause* of action to recover for an intentional tort to the exclusive remedy provided in worker's compensation." The trial court wrote that plaintiff "is required to set forth facts which could possibly lead to a legal conclusion that the employer acted in a manner so certain to cause injury that intent is imputed," and cited the case of *Maddie v. Plastic Supply and Fabrication, Inc.*, 434 So.2d 158 (La.App. 5 Cir.), *writ denied*, 435 So.2d 445 (La.1983). The issue in *Maddie* was whether an employee's petition stated a cause of action, not whether the employee had a right of action.

After citing *Maddie*, the trial court asserted that Owens "failed to plead specific facts that the defendant either (1) consciously desired the physical result of his act or (2) knew that the result was substantially certain to follow from his conduct." Based on this analysis, the trial court then found that Owens did not have a *right* of action to proceed in tort and his exclusive remedy is workers' compensation citing *Lloyd v. Shady Lake Nursing Home, Inc.*, 47,025 (La.App. 2 Cir. 5/9/12), 92 So.3d 560, *writ denied*, 12-1318 (La. 9/28/12), 98 So.3d 844[1] and

---

[1] In *Lloyd*, 92 So.3d 560, a widower and children brought a wrongful death action against the decedent wife's former employer, a nursing home. In further proceedings, employer filed an exception of no right of action as a supplement to its declinatory exception of lack of subject matter jurisdiction. After restating footnote 2 from Brewer, the second circuit stated, "the exception of lack of subject matter jurisdiction is an appropriate procedural vehicle for

5

*Lloyd's* citation to footnote 2 in *Brewton v. Underwriters Ins. Co.*, 02-2852 (La. 6/27/03), 848 So.2d 586[2].

Owens asserts the conflict between the trial court's statements after the January 13, 2014 hearing, the February 18, 2014 written reasons for judgment, and the final judgment indicate that the trial court apparently erred in applying the no cause of action standard to that of the singularly pled no right of action exception.[3] The State counters that Owens is incorrect because it cited *Lloyd* and *Brewton* to the trial court for the proposition that an exception of no right of action is a proper vehicle to use in dismissing Owens' suit.

The State contends that *Lloyd* and *Brewton* can be interpreted to endorse an employer's use of an exception of no right of action to dismiss an employee's suit against it because the employee cannot sufficiently prove that the employer committed an intentional act. Our reading of *Lloyd* and footnote two in *Brewton* is that an exception of no right of action can to be used to dismiss a suit when the

---

determining whether the plaintiffs' exclusive remedy is workers' compensation." *Lloyd*, 92 So.3d at 565.

[2] In *Brewton*, 848 So.2d 586, a husband and wife had the same employer. The wife, a passenger in a vehicle driven by her husband, was injured in a single-vehicle accident. She brought a tort suit against her husband, and, among others, she and her husband's employer. The wife subsequently filed motion in limine seeking a judgment from the trial court declaring that the defendants were not entitled to a jury trial on the issue of whether she was in the course and scope of her employment. The supreme court, in footnote 2, stated that the matter presented before it was

> in a somewhat unusual posture because Mrs. Brewton filed a motion in limine seeking to preclude the jury from hearing issues surrounding her employment status. Typically, the underlying issue of whether an accident is work related is resolved in a pre-trial motion or exception, such as an exception of no right of action or lack of subject matter jurisdiction or a motion for summary judgment. Any of these pre-trial methods would have resolved the issue. However, because the parties involved elected not to use a more appropriate procedural vehicle, this case is limited to its procedural facts.

*Brewton*, 848 So.2d at 589-90, fn. 2.

[3] We note that the singular pleading of an exception of no right by a defendant does not preclude the trial court from analyzing whether a plaintiff's petition states a cause of action. This is so because the trial court is free to notice no right of action by a plaintiff or a petition's failure to state a cause of action on its own motion. La.Code Civ.P. art. 927 (B).

6

issue is whether the plaintiff is an employee in the course and scope of employment as specifically stated in *Brewton* and restated in *Lloyd*. However, this reading of *Lloyd* and *Brewton* is limited to that particular set of circumstances in *Brewton* and should not be expanded, as the State suggests, for the premise that a defendant can urge an exception of no right of action in an attempt to dismiss an a suit because that defendant may not be able to stand in judgment in a particular case due to what a plaintiff can or cannot prove.

The State is attempting to present a defense via an exception of no right of action. This is expressly prohibited. *See Buller v. Falcon Rice Mill, Inc.*, p. 5 (La.App. 3 Cir. 11/2/95), 664 So.2d 509; *Babineaux v. Pernie-Bailey Drilling Co.*, 261 La. 1080, 262 So.2d 328 (1972); *Marquis v. Cantu*, 371 So.2d 1292 (La.App. 3 Cir.1979). To reiterate, the applicable jurisprudence in this circuit states, "[t]he exception of no right of action is not available to urge a defense to the effect that plaintiff is without interest simply because defendants have a defense to the action." *Guillory v. Nicklos Oil & Gas Co.*, 315 So.2d 878, 882 (La.App. 3 Cir.1975) (citing *Alside Supply Company v. Ramsey*, 306 So.2d 762 (La.App.4th Cir. 1975); *Bielkiewicz v. Rudisill*, 201 So.2d 136 (La.App.3rd Cir. (1967). *See also Livings v. Reliance Ins. Co.*, 525 So.2d 620 (La.App. 3 Cir.1988).

## DECREE:

James Michael Owens avers that the trial court erred as a matter of law by dismissing his suit, with prejudice, against his employer, the State of Louisiana, via the State's exception of no right of action. We find merit to Owens's alleged error. Accordingly, we reverse the trial court's dismissal of Owens' suit and remand the case for further proceedings. We assess court costs in the amount of $2615.73 to be paid by the State of Louisiana under La.R.S. 13:5112(A).

**REVERSED AND REMANDED.**

7