HALL, Chief Judge.
Plaintiff, Richard F. Craig, who was shot by the manager of a lounge, filed suit for damages against the manager, the operator-lessee of the lounge, and the owner-lessor of the lounge property, asserting as a cause of action against the owner-lessor its failure to obtain or ensure that the lessee obtain liability insurance in accordance with a provision of the lease. The owner-lessor’s exception of no cause of action was sustained by the district court and plaintiff appealed. We affirm.
Plaintiff’s petition as amended alleges that on June 13, 1982 he entered the Black Knight Lounge located along the “Bossier Strip” in Bossier City, Louisiana. The lounge’s manager, Herman J. Ferguson, armed with a pistol and under the mistaken belief that plaintiff was a person who had previously caused trouble in the lounge, chased plaintiff outside the lounge onto the premises of an adjacent motel and shot plaintiff in the leg.
The amended petition alleges that a lease between the owner of the premises, Pontchartrain State Bank, and the operator of the lounge, Dan Chaney, contains provisions concerning the duty of the parties to provide and maintain policies of public liability insurance. Specifically, the lease provides:
The Lessee shall carry or pay the cost of owners, Landlord’s, and tenants public liability insurance to protect Lessor from *1274 any and all liability for damage from injuries received on said property in the amount of $100,000.00/$300,000.00, with Lessor named as an insured.
No liability insurance was obtained by the lessee.
The sole issue presented on appeal is whether the plaintiffs amended and supplemental petition states a cause of action against the Bank. Plaintiff contends that the Bank is liable for his damages because (1)the Bank was negligent in failing to assure that the lessee obtain the insurance required by the lease and such failure amounted to mismanagement by the Bank of its property, particularly considering the danger posed to the public by a lounge operation and the need for liability insurance covering such an operation; or (2) the lease provision amounted to a stipulation pour autrui for the benefit of the public and patrons of the lounge, rendering the Bank liable to plaintiff for breach of the stipulation; or (3) the failure to maintain liability insurance constituted a “ruin” of the premises rendering the owner liable under LSA-C.C. Art. 2322.
Plaintiff argues that he has a cause of action in negligence against the Bank because it had a duty to make reasonable efforts to assure public liability insurance was obtained by the lessee. The plaintiff argues this duty attached when the Bank attempted to delegate the responsibility of obtaining public liability insurance to its lessee.
The plaintiffs contention is without merit. There is no legal duty upon an owner-lessor of property to obtain public liability insurance or to require a lessee to obtain such insurance. The fact that a lessor stipulates in a lease agreement that the lessee shall carry public liability insurance does not operate to create any duty upon the lessor. Nor does the fact that the property is to be used as a lounge create any such duty. Therefore, the lessee’s failure to procure liability insurance does not give rise to a cause of action against the lessor-Bank.
As an alternative theory of liability, ‘ plaintiff argues that Louisiana law provides a cause of action by a third party beneficiary for breach of a stipulation pour autrui and that his petition, as amended, states such a cause of action.
A contracting party may stipulate a benefit for a third person called a third party beneficiary. The beneficiary has a right to sue on the contract if the stipulation executed in his favor is' breached. The beneficiary’s cause of action lies against the party who breached the stipulation. LSA-C.C. Arts. 1978 and 1981.
The district court held that the lease provision requiring the lessee to obtain liability insurance was for the benefit of the lessor and not for the public, citing Spillers v. Northern Assurance Co. of America, 254 So.2d 125 (La.App. 3d Cir.1971). However, assuming that the lease provision establishes a stipulation pour autrui for the benefit of the plaintiff, his cause of action would lie against the lessee-lounge operator who undertook the obligation to carry public liability insurance, not against the lessor-Bank. The Bank did not breach any obligation under the lease provision because it had no obligation thereunder.
Lastly, plaintiff contends the failure to acquire public liability insurance constitutes a ruin for which the Bank as owner of the property is strictly liable under LSA-C.C. Art. 2322.
Plaintiff’s reliance on this article is entirely misplaced. The harm to plaintiff bears no relationship to a physical ruin or defect in the premises owned by the defendant Bank. Moreover, plaintiff’s injuries occurred on adjacent property.
Plaintiff’s petition fails to state a cause of action against the Bank. The trial court was correct in sustaining the defendant’s exception of no cause of action and the judgment is affirmed, at appellant’s costs.
AFFIRMED.