STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

NUMBER 2021 CA 0079

VIRGINIA BANKS LISTACH, AS TUTOR OF, AND ON BEHALF OF,
THE MINOR CHILD, F.A.B.,
AND TIMOTHY MATTHEW BANKS, JR.

VERSUS

WEST BATON ROUGE PARISH SCHOOL BOARD, WES WATTS,
SUPERINTENDENT AND AGENT OF WEST BATON ROUGE PARISH
SCHOOL BOARD, COHN ELEMENTARY SCHOOL, CASSY BROU, AS
AGENT OF COHN ELEMENTARY SCHOOL, RAYMOND DOUGLAS,
INDIVIDUALLY AND AS AGENT AND EMPLOYEE OF COHN
ELEMENTARY SCHOOL, WEST BATON ROUGE PARISH SCHOOL
BOARD, AND NEW BEGININNINGS COMMUNITY DEVELOPMENT
CORPORATION, NEW BEGINNINGS COMMUNITY DEVELOPMENT
CORPORATION, ISONEL BROWN, INDIVIDUALLY AND AS AGENT
OF NEW BEGINNINGS COMMUNITY DEVELOPMENT
CORPORATION, ABC INSURANCE COMPANY, DEF INSURANCE
COMPANY, UVW INSURANCE COMPANY AND XYZ INSURANCE
COMPANY

Judgment Rendered: __JUN 0 9 2021__

Appealed from the
Eighteenth Judicial District Court
In and for the Parish of West Baton Rouge
State of Louisiana
Docket Number 1041766

The Honorable Tonya S. Lurry, Judge Presiding

*************

Etta Kay Hearn
Audrey M. Lamb
Baton Rouge, LA

Counsel for Plaintiffs/Appellants,
Virginia Banks Listach, as tutor of, and
on behalf of, the minor child, F.A.B.,
and Timothy Matthew Banks, Jr.

Kyle M. Beasley
Joseph R. Pousson, Jr.
Lake Charles, LA

Mark D. Boyer
Denham Springs, LA

Counsel for Defendants/Appellees,
West Baton Rouge Parish School Board,
Wes Watts, Cohn Elementary School,
and Cassy Brou

Brian L. Reboul
Metairie, LA

Counsel for Defendant/Intervenor/
Appellee,
ASI Lloyds

Jason P. Foote
Devin Caboni-Quinn
Metairie, LA

Counsel for Defendant/Appellee,
Isonel Brown

\*\*\*\*\*\*\*\*\*\*\*\*

BEFORE: WHIPPLE, C.J., CHUTZ, AND HESTER, JJ.

**WHIPPLE, C.J.**

Plaintiffs, Virginia Banks Listach, as tutor and on behalf of the minor child, F.A.B. ("the child"), and Timothy Matthew Banks, Jr., appeal a judgment of the trial court granting summary judgment in favor of defendants, West Baton Rouge Parish School Board, Wes Watts, Cohn Elementary School, and Cassy Brou, and dismissing plaintiffs' claims against them with prejudice. For the reasons that follow, we affirm.

## FACTS AND PROCEDURAL HISTORY

In 2013, New Beginnings Community Development Corporation ("New Beginnings") sponsored an after-school enrichment program for students, providing its own programs and staffing, and utilizing the campus and facilities of Cohn Elementary School with permission of the West Baton Rouge Parish School Board ("WBRPSB"). On October 9, 2013, F.A.B., a student enrolled in the after-school program, was injured while playing on the playground when Raynard Douglas, an employee of New Beginnings, kicked a football that hit the child in the eye.[1]

As a result of injuries she sustained in this incident, F.A.B.'s paternal aunt and tutrix, Virginia Banks Listach, filed a petition for damages on behalf of F.A.B., along with her father, Timothy Matthew Banks, Jr., naming as defendants: WBRPSB; Wes Watts, superintendent of WBRPSB; Cohn Elementary School; Cassy Brou, principal of Cohn Elementary School; Raynard Douglas, individually, and through his employment with New Beginnings and WBRPSB; New

---

[1] Although Mr. Douglas was employed by WBRPSB as a para-professional at Cohn Elementary School earlier in the day, the parties do not dispute that at the time of the accident herein, he was working in the course and scope of his employment with New Beginnings.

Beginnings; Isonel Brown, individually,[2] and as owner and operator of New Beginnings and agent of WBRPSB; and the liability carriers of WBRPSB, Cohn Elementary, Mr. Douglas, and New Beginnings.

As to WBRPSB, Superintendent Watts, Cohn Elementary School, and Principal Brou (collectively referred to as "the defendants" herein), plaintiffs asserted claims of gross negligence in failing to ensure that New Beginnings maintain ongoing liability insurance and in subjecting the minor child to danger by failing to supervise and protect the child. Plaintiffs further sought punitive damages, damages for pain and suffering, mental anguish and distress, loss of enjoyment of life, and past, present, and future medical expenses for the injuries sustained by the child. Mr. Banks asserted claims for damages for loss of consortium, community, and enjoyment of his child, as well as related medical expenses, and Ms. Listach asserted claims for reimbursement of expenses and costs associated with the child's care.

Defendants filed a motion for summary judgment, seeking dismissal of plaintiffs' claims against them on the basis that: (1) Mr. Douglas was not acting in the course and scope of his employment with WBRPSB at the time of the accident and thus, WBRPSB was not vicariously liable for his actions; (2) defendants are entitled to the Recreational Use Immunity provided by LSA-R.S. 9:2791 and 9:2795; (3) defendants had no duty to ensure that New Beginnings had valid liability insurance before allowing New Beginnings to use the premises; and (4) any failure to ensure that New Beginnings maintained liability insurance is not a

---

[2]Plaintiffs' claims against Ms. Brown for any personal and individual liability, except as to plaintiffs' allegations of corporate veil piercing, were dismissed on an exception of no cause of action. Thereafter, ASI Lloyds, Ms. Brown's homeowners' insurance carrier, intervened, contending that claims of liability against Ms. Brown for piercing the corporate veil were precluded under the business pursuit exclusion of its policy. ASI Lloyds then filed a motion for summary judgment, seeking a declaration that its policy did not provide coverage for any such claims and that it had no duty to defend Ms. Brown against such claims. Ms. Brown also filed a motion for summary judgment seeking dismissal of plaintiffs' remaining claims against her. Following a hearing, the motions for summary judgment by ASI Lloyds and Ms. Brown were granted by the trial court, dismissing these defendants from the proceedings.

4

legal cause for the subject accident herein. In support of their motion, defendants submitted the deposition testimony of Principal Brou and Mr. Douglas.

Plaintiffs opposed the motion, and although they conceded that Mr. Douglas was an employee of New Beginnings during the operation of the after-school program and not an employee of WBRPSB at the time, they maintained that WBRPSB nonetheless had a "duty and responsibility" to ensure that programs operating on its campus offering enrichment to its students have in place, before and during the operation of these programs, a valid liability policy to protect the safety of the children involved and that this alleged failure to require compliance with school policy, mandating that an insurance policy be in place prior to the operation of an enrichment program, exposed the children participating in the program to undue harm. In opposition to the motion for summary judgment, plaintiffs relied on the depositions presented by defendants and further offered: the deposition testimony of Timothy Banks, Jr., Virginia Banks Listach, F.A.B., and Wes Watts; "Memorandums of Understanding" executed by David Coroan, the WBRPSB Superintendent, and Principal Brou; and the affidavit of Virginia Banks Listach.

Following a hearing on August 31, 2020, the trial court issued written reasons granting defendants' motion for summary judgment.[3] On September 30, 2020, the trial court signed a judgment, granting the defendants' motion and dismissing all of plaintiffs' claims against these defendants with prejudice.[4]

---

[3] In its written reasons, the trial court determined that the recreational use immunity set forth in LSA-R.S. 9:2791 and 9:2795 was inapplicable to this action. The trial court further reasoned that although defendants acted negligently in failing to avail themselves of the immunity afforded in LSA-R.S. 9:2800.22, such negligence did not contribute or cause the injury complained of by plaintiffs.

[4] To the extent that the judgment provides that the court reviewed "the entire court record" in granting summary judgment, we note that pursuant to LSA-C.C.P. art. 966(D)(2), the court may consider only those documents filed in support of or in opposition to the motion for summary judgment.

5

Plaintiffs now appeal, contending that the trial court erred in: (1) finding that plaintiffs failed to produce a genuine issue of material fact; (2) finding that defendants' failure to require, maintain, and ensure liability insurance coverage pursuant to LSA-R.S. 9:2800.22 did not constitute gross negligence; and (3) failing to find that defendants were responsible for their failure to protect the children from foreseeable harm by these acts, and that such failure, coupled with the collaborative nature of the relationship, resulted in gross negligence.[5]

## LEGAL PRECEPTS

A motion for summary judgment is a procedural device used when there is no genuine issue of material fact for all or part of the relief prayed for by a litigant. LSA-C.C.P. art. 966(A)(1); Murphy v. Savannah, 2018-0991 (La. 5/8/19), 282 So. 3d 1034, 1038. After an opportunity for adequate discovery, a motion for summary judgment shall be granted if the motion, memorandum, and supporting documents show there is no genuine issue as to material fact and that the mover is entitled to judgment as a matter of law. LSA-C.C.P. art. 966(A)(3). The only documents that may be filed in support of or in opposition to the motion are pleadings, memoranda, affidavits, depositions, answers to interrogatories, certified medical records, written stipulations, and admissions. LSA-C.C.P. art. 966(A)(4). The court may consider only those documents filed in support of or in opposition to the motion for summary judgment and shall consider any documents filed in support of or in opposition to the motion for summary judgment to which no objection is made. LSA-C.C.P. art. 966(D)(2).

---

[5]We note that plaintiffs' motion for appeal was filed on September 21, 2020, before the signing of the judgment, and references the trial court's oral ruling from the hearing on August 31, 2002. Although the motion for appeal was filed before the judgment was signed by the trial court, any previously existing defect arising from a premature motion for appeal is cured once the final judgment has been signed. Overmier v. Traylor, 475 So. 2d 1094 (La. 1985) (per curiam). Thus, this appeal is properly before us. See City of Denham Springs v. Perkins, 2008-1937 (La. App. 1st Cir. 3/27/09), 10 So. 3d 311, 317, n.5, writ denied, 2009-0871 (La. 5/13/09), 8 So. 3d 568.

The burden of proof on a motion for summary judgment rests with the mover. Nevertheless, if the mover will not bear the burden of proof at trial on the issue that is before the court on the motion for summary judgment, the mover's burden on the motion does not require him to negate all essential elements of the adverse party's claim, action, or defense, but rather to point out to the court the absence of factual support for one or more elements essential to the adverse party's claim, action, or defense. The burden is on the adverse party to produce factual support sufficient to establish the existence of a genuine issue of material fact or that the mover is not entitled to judgment as a matter of law. LSA-C.C.P. art. 966(D)(1).

In ruling on a motion for summary judgment, the court's role is not to evaluate the weight of the evidence or to make a credibility determination, but instead to determine whether or not there is a genuine issue of material fact. Collins v. Franciscan Missionaries of Our Lady Health System, Inc., 2019-0577 (La. App. 1st Cir. 2/21/20), 298 So. 3d 191, 194, writ denied, 2020-00480 (La. 6/22/20), 297 So. 3d 773.

Appellate courts review evidence *de novo* under the same criteria that govern the trial court's determination of whether summary judgment is appropriate. Leet v. Hospital Service District No. 1 of East Baton Rouge Parish, 2018-1148 (La. App. 1st Cir. 2/28/19), 274 So. 3d 583, 587. In ruling on a motion for summary judgment, the trial court's role is not to evaluate the weight of the evidence or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. Janney v. Pearce, 2009-2103 (La. App. 1st Cir. 5/7/10), 40 So. 3d 285, 289, writ denied, 2010-1356 (La. 9/24/10), 45 So. 3d 1078. Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is material can be seen only in light of the substantive law applicable to the case. Georgia-Pacific Consumer Operations,

7

LLC v. City of Baton Rouge, 2017-1553, 2017-1554 (La. App. 1st Cir. 7/18/18), 255 So. 3d 16, 22, writ denied, 2018-1397 (La. 12/3/18), 257 So. 3d 194.

The Louisiana Supreme Court has defined "gross negligence" as the "want of even slight care and diligence" and the "want of that diligence which even careless men are accustomed to exercise." Ambrose v. New Orleans Police Department Ambulance Service, 93-3099 (La. 7/5/94), 639 So. 2d 216, 219, quoting, State v. Vinzant, 200 La. 301, 7 So. 2d 917 (La. 1942). Gross negligence has also been described as an "extreme departure from ordinary care or the want of even scant care." Tudor Chateau Creole Apartments Partnership v. D.A. Exterminating Co., Inc., 96-0951 (La. App. 1st Cir. 2/14/97), 691 So. 2d 1259, 1262 (quoting Ambrose, 639 So. 2d at 220). In summary, gross negligence is the entire absence of care that amounts to complete neglect of the rights of others. Wagner v. DA Exterminating Company of St. Tammany, Inc., 2020-0876 (La. App. 1st Cir. 4/16/21), ___ So. 3d ___, ___, 2021 WL 1439858, *6. However, both ordinary negligence and gross negligence are analyzed under a duty-risk analysis. Bradix v. Advance Stores Co., Inc., 2017-0166 (La. App. 4th Cir. 8/16/17), 226 So. 3d 523, 529.

In determining whether liability exists under the facts of a particular case, Louisiana courts have adopted a duty-risk analysis. Van Cleave v. Temple, 2018-1353 (La. App. 1st Cir. 5/31/19), 278 So. 3d 1005, 1011. For liability to attach under this analysis, a plaintiff must prove five separate elements: (1) the defendant had a duty to conform his conduct to a specific standard of care (or the defendant owed a duty of care to the plaintiff) (the duty element); (2) the defendant failed to conform his conduct to the appropriate standard (or breached the requisite duty) (the breach element); (3) the defendant's substandard conduct was a cause-in-fact of the harm or the plaintiff's injuries (the cause-in-fact element); (4) the risk of harm was within the scope of protection afforded by the duty breached (the scope

8

of the duty, scope of protection or legal cause element); and (5) actual damages (the damages element). Landers v. USIC Locating Services, Inc., 2020-0890 (La. App. 1st Cir. 4/26/21), __ So. 3d __, 2021 WL 1609247, *2. A negative answer to any of the inquiries of the duty-risk analysis results in a determination of no liability. Landers v. USIC Locating Services, Inc., __ So. 3d at __, 2021 WL 1609247 at *2.

However, whether a legal duty exists, and the extent of that duty, depends on the facts and circumstances of the case, and the relationship of the parties. Bowman v. City of Baton Rouge/Parish of East Baton Rouge, 2002-1376 (La. App. 1st Cir. 5/9/03), 849 So. 2d 622, 627, writ denied, 2003-1579 (La. 10/3/03), 855 So. 2d 315. Duty is a question of law. Simply put, the inquiry is whether the plaintiff has any law—statutory, jurisprudential, or arising from general principles of fault—to support his claim. Paul v. Louisiana State Employees' Group Benefit Program, 99-0897 (La. App. 1st Cir. 5/12/00), 762 So. 2d 136, 143. When no factual dispute exists and no credibility determinations are required, the legal question of the existence of a duty is appropriately addressed by summary judgment. Talbert v. Restoration Hardware, Inc., 2017-0986 (La. App. 1st Cir. 5/31/18), 251 So. 3d 532, 536, writ denied, 2018-1102 (La. 10/15/18), 253 So. 3d 1304.

## DISCUSSION

In three related assignments of error, plaintiffs contend that the trial court erred in finding that they failed to show any genuine issue of material fact remained as to whether the defendants: (1) failed to ensure New Beginnings obtained and maintained liability insurance as provided by law (LSA-R.S. 9:2800.22); (2) failed to ensure insurance coverage in accordance with their "collaborative role" and "oversight" of the New Beginnings program; (3) breached their duty to protect children participating in the New Beginnings program; (4)

9

failed to ensure liability insurance coverage prior to the implementation of the program to protect the participants from undue harm; and (5) collaborated in facilitating the New Beginnings program in accordance with the "Memorandums of Understanding."

Defendants argue that plaintiffs have failed to establish that defendants had a duty, either statutory or by the collaborative efforts set forth in the "Memorandums of Understanding," to ensure that New Beginnings had liability insurance in place or to otherwise provide liability insurance for the New Beginnings program. Defendants further contended that even if plaintiffs had established that any such duty exists, the breach of any such alleged duty by the defendants was not the cause-in-fact or legal cause of the injury sustained by the child. Thus, they argue that in the absence of the elements of duty or causation, there can be no finding of liability and that summary judgment in their favor was proper.

As defendants correctly note, on summary judgment, they were not required to negate all essential elements of plaintiffs' claims, but rather to point out the absence of factual support for one or more elements essential to the plaintiffs' claim. See LSA-C.C.P. art. 966(D)(1). Thus, in order to prevail on their claims at trial, plaintiffs would be required to first establish that defendants had a duty to conform their conduct to a specific standard of care and second, that defendants breached a duty of care owed to the plaintiffs.

### Duty, If Any, Arising From the "Memorandums of Understanding" or by Collaborative Agreement

With regard to whether the defendants owed a duty to the child herein, plaintiffs introduced two "Memorandums of Understanding" in opposition to the motion for summary judgment. One document was between New Beginnings and WBRPSB, and was signed by David Corona, the former superintendent of WBRPSB, and the other document, between New Beginnings and Cohn

10

Elementary School, was signed by Principal Brou. However, these agreements contain no other signatures. Notably, the signature line for Isonel Brown, Executive Director of New Beginnings, contains no signature.

Moreover, as pointed out by defendants, although the "Memorandums of Understanding" provided that WBRPSB pledged to collaborate with New Beginnings to provide certain "specific items/services," they contain no provision that WBRPSB would provide liability insurance for New Beginnings, or ensure that insurance was maintained by New Beginnings. Defendants further point out that these documents reflect no agreement by them to assume responsibility for the actions of Mr. Douglas on behalf of New Beginnings. Defendants argue that under these undisputed facts, plaintiffs are unable to establish a duty owed to plaintiffs, any breach of a duty owed, or any liability of the defendants on the basis of these documents. Thus, defendants argue that plaintiffs cannot identify any actions of gross negligence for which liability can be imposed.

Plaintiffs argue that notwithstanding the employment status of Mr. Douglas at the time of the accident, these "Memorandums of Understanding" create a "clear joint collaborative and partner relationship" between defendants and New Beginnings, by which liability for the accident resulting from the actions of Mr. Douglas may be imputed to defendants. However, as set forth by plaintiffs in their opposition to the motion for summary judgment, "plaintiffs do not dispute that [Mr. Douglas] was an employee of New Beginnings Community Development Corporation during the hours of operation of the after school program, and not an employee of the defendants, West Baton Rouge Parish School Board, Wes Watts, Cohn Elementary School and Cassy Brou during those hours." Accordingly, the principles of *respondeat superior* and vicarious liability do not apply to impose liability for the actions of Mr. Douglas upon these defendants.

11

Moreover, pretermitting the legality or enforceability of these incomplete "agreements," which are signed by only one party (defendants), we are aware of no legal authority that establishes a duty by which liability for the actions of Mr. Douglas, while in the course and scope of his employment with New Beginnings, may be imputed to defendants. As pointed out by defendants, the "Memorandums of Understanding" do not reflect or impose a duty on WBRPSB and Cohn Elementary to provide liability insurance for the New Beginnings program or to ensure that New Beginnings maintains liability coverage.

Moreover, plaintiffs have failed to offer any authority to establish that the collaboration between two separate entities creates or imposes vicarious liability for the actions of each other's employees. Thus, even if we were to assume that the "Memorandums of Understanding" were validly executed and entered into by the parties herein by virtue of their unilateral signing by defendants, we are unable to find that these documents created a duty owed by defendants or that, by the defendants' unilateral signing of the "Memorandums of Understanding," defendants assumed a duty on which liability could be imposed upon defendants for the actions of the employees of New Beginnings. Thus, we find no merit to these arguments by plaintiffs.

### Duty, If Any, Arising From Statutory Immunity Provisions

Plaintiffs next contend that the trial court erred in finding that defendants' failure to require, maintain, and ensure liability insurance coverage pursuant to LSA-R.S. 9:2800.22 did not constitute gross negligence.[6] Plaintiffs argue that LSA-R.S. 9:2800.22 required that defendants obtain a certificate of insurance from New Beginnings before allowing New Beginnings to operate the after-school

---

[6]As previously noted herein, plaintiffs concede that Mr. Douglas was an employee of New Beginnings during the operation of the after-school program at the time of this accident, and was not acting within the course and scope of his employment with WBRPSB. Accordingly, summary judgment was properly granted as to any claims against the defendants for the vicarious liability of Mr. Douglas.

12

enrichment program, and that defendants' failure to do so "resulted in gross negligence" by failing "to protect the children from a foreseeable harm."

Louisiana Revised Statutes 9:2800.22, titled "Limitation of liability for use of school facilities," allows schools to enter into recreational joint-use agreements with third parties to limit their premises liability in accordance with the following provisions:

A. The governing authority of an elementary or secondary school or charter school who enters into a recreational joint-use agreement for use of its facility owes no duty of care to keep such premises safe for entry or use by others, pursuant to a joint-use agreement, outside of regularly scheduled school activities or to give a warning of any hazardous conditions, use of, structure, or activities on the premises. **When the governing authority enters into a recreational joint-use agreement, it is not extending any assurance that the premises are safe or a duty of care, or assuming responsibility for or incurring liability for any injury, death, loss, civil penalty, or damages to persons or property caused by any act of a person to whom permission is granted.**

B. This Section does not exclude any liability which would otherwise exist for injury or damages caused by gross negligence or willful and wanton misconduct.

C. When entering into a recreational joint-use agreement, the elementary or secondary school or charter school shall require in the agreement that the other entity maintain and provide proof of adequate liability and accident insurance coverage as determined by industry standards.

D. As used in this Section, "recreational joint-use agreement" means a written agreement between the governing authority of an elementary, secondary, or charter school and a public or private entity, authorizing such entity to access the premises of a school under the governing authority's jurisdiction for the purposes of conducting or engaging in recreational activity.

E. The agreement shall set forth the conditions, terms, and requirements under which such authorization and use is granted, including that the entity shall indemnify and hold harmless the governing authority from any liability arising from such use, and that the governing authority may at any time and without cause revoke its authorization to use the premises and terminate the agreement.

(Emphasis added.)

13

Although an elementary or secondary school may limit its liability by entering into a recreational joint-use agreement for use of its facility pursuant to LSA-R.S. 9:2800.22 as set forth above, defendants candidly acknowledge that they did not avail themselves of this immunity and further, did not assert this statutory immunity as a defense to plaintiffs' claims herein. Defendants contend that LSA-R.S. 9:2800.22 in no way imposes a legal duty to enter into such an agreement, nor does the statute provide that WBRPSB must ensure that a user of its premises maintains liability insurance to provide coverage for the use of the premises. While subsection (C) provides that "[w]hen **entering into a recreational joint-use agreement**," the school "**shall require in the agreement** that the other entity maintain and provide proof of adequate liability and accident insurance coverage," defendants contend that no agreement was entered between WBRPSB and New Beginnings for defendants to avail themselves of the statutory immunity provided therein. (Emphasis added.) Moreover, defendants contend that by its clear wording, LSA-R.S. 9:2800.22 does not create or impose a duty on the school, but merely sets forth the written requirements of the recreational joint-use agreement in the event such statutory immunity is sought by a governing authority.

In addition to the language of the statute, defendants rely on Craig v. Ferguson, 494 So. 2d 1273, 1274 (La. App. 2nd Cir.), writ denied, 497 So. 2d 1015 (La. 1986), where a lounge patron argued that he had a cause of action in negligence against the owner of the premises because, pursuant to the lease, the owner had a duty to make reasonable efforts to assure public liability insurance was obtained by the lessee. The court granted the exception of no cause of action, holding that there is no legal duty upon an owner-lessor of property to obtain public liability insurance or to require a lessee to obtain such insurance, noting "[t]he fact that a lessor stipulates in a lease agreement that the lessee shall carry

14

public liability insurance does not operate to create any duty upon the lessor." Craig v. Ferguson, 494 So. 2d at 1274.

A careful reading of LSA-R.S. 9:2800.22 reveals that contrary to plaintiffs' assertions, LSA-R.S. 9:2800.22 did not require or impose a duty on defendants to obtain a certificate of insurance from New Beginnings, nor does it mandate that failure to do so constitutes gross negligence. The statute merely provides that **had WBRPSB chosen to avail itself of this statutory immunity and actually entered into a recreational joint-use agreement with New Beginnings**, WBRPSB would have been required to include a provision in the agreement requiring that New Beginnings maintain and provide proof of adequate liability and accident insurance coverage.[7] See LSA-R.S. 9:2800.22(C).

Here, defendants did not enter into a recreational joint-use agreement, and thus, the immunity provisions set forth in LSA-R.S. 9:2800.22 are neither applicable nor determinative of liability herein. Moreover, even if we were to assume that defendants somehow had a statutory duty to ensure that New Beginnings had liability insurance in place, we agree with the trial court that the breach of any such alleged duty by the defendants was neither the legal cause or cause in fact of the injuries at issue. Thus, these arguments also lack merit.

## CONCLUSION

For the above reasons, the September 30, 2020 judgment of the trial court, granting summary judgment in favor of defendants, West Baton Rouge Parish School Board, Wes Watts, Cohn Elementary School, and Cassy Brou, and dismissing plaintiffs' claims against them with prejudice, is hereby affirmed.

---

[7]In rejecting plaintiffs' argument that defendants' failure to draft and execute a joint-use agreement in accordance with LSA-R.S. 9:2800.22 constituted gross negligence for which defendants are liable to plaintiffs, the trial court noted in its written reasons that the gross negligence argued by plaintiffs does not amount to the type of gross negligence encompassed by the statute. The trial court explained that "the statute intended 'Gross negligence' to be a recklessness, or actions taken or omitted **that contributed to the actual cause of plaintiff's injury**." (Emphasis added.)

15

Costs of this appeal are assessed to plaintiffs/appellants, Virginia Banks Listach, as tutor and on behalf of the minor child, F.A.B., and Timothy Matthew Banks, Jr.

**AFFIRMED.**